IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS | ] |
| Plaintiff, | ] |
| | ] Civil Action No. 3:05cv962-T |
| EDWARD NEAL THOMPSON and | ] |
| FLORIDA TRANSFORMER, | ] |
| | ] |
| Defendants. | ] |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Florida Transformer and pursuant to 28 U.S.C. §1441 and 1446, hereby removes this case to the United States District Court, Middle District of Alabama, Eastern Division. In support of said removal, Defendant shows unto this court as follows:

1. The plaintiff filed this lawsuit on August 31, 2005 in the Circuit Court of Macon County, Alabama, naming Florida Transformer and Edward Neal Thompson as defendants. (Exhibit A, Plaintiff's Complaint). Florida Transformer was served with the complaint on September 6, 2005. Defendant Thompson has not been served. (Exhibit B, Case Action Summary).

2. This action is one over which this Court has original jurisdiction under the provisions of §28 U.S.C. §§1331 and 28 U.S.C. §1367, and is one which may be removed to this court by the Defendant pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action that arises under the Constitution, laws, or treaties of the United States.

3. This action arises under the Constitution, laws, or treaties of the United States as follows:

a.  Plaintiff alleges in the complaint that "Defendant Thompson, negligently and/or wantonly violated state and *Federal* regulations when he negligently and/or wantonly allowed the tractor trailer driven by him to collide with the vehicle occupied by plaintiff's intestate, Vernell Brian Morris." (Exhibit A, Plaintiff's Complaint at ¶13). (Emphasis added). Plaintiff also alleges that "Defendant Thompson, was acting within the line and scope of his employment with Defendant, Florida Transformer, when he negligently and/or wantonly allowed the tractor trailer driven by him to collide with the tractor trailer occupied by Plaintiff's intestate, Brian Vernell Morris." (Exhibit A, Plaintiff's Complaint at ¶7). Plaintiff demands judgment against Defendants, Florida Transformer and Edward Neal Thompson, based on these alleged acts.

b.  Plaintiff also alleges state law claims, which arise out of a common nucleus of operative facts as the federal law claim.

4.  This notice is filed in this Court within 30 days after receipt by Defendant of the Plaintiff's Complaint and therefore, the time for filing this notice under the provisions of 28 U.S.C. §1446(b) has not expired.

5.  Written notice of the filing of this notice has been given to all parties as required by law.

6.  A true and correct copy of this notice will be filed with the clerk of the Circuit Court of Macon County, Alabama as required by law. (Exhibit D).

7.  There is attached hereto a true and correct copy of all state court pleadings in this action, including Florida Transformer's response to Plaintiff's Complaint, which is attached hereto as Exhibit C.

_____
Richard E. Broughton (BRO043)
W. Evans Brittain (BRI038)

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com


## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon

Henry L. Penick, Esq.
H.L. Penick & Associates, P.C.
319-17th Street North, Suite 200
Birmingham, AL 35203

Dr. Edward A. Robinson, III, Esq.
600 North Foster Drive
P.O. Box 3131
Baton Rouge, LA 70821

Edward Neal Thompson
801 5th Avenue
Geneva, AL 36240

by placing copy of same in the United States mail, first class, postage prepaid and properly addressed on this October 6, 2005.

_____
OF COUNSEL