# EXHIBIT A

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LORI ANN MORRIS,

    PLAINTIFF,

VS.

EDWARD NEAL THOMPSON, ET AL.,

    DEFENDANT.

CASE NO.: CV-05-172

### SUMMONS

TO: Manager
Florida Transformer
P.O. Box 507
Defuniak Springs, FL 32435

### TO THE ABOVE NAMED DEFENDANT:

The Statement of Claim (Complaint) which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written answer either admitting or denying each allegation in the Statement of Claim (Complaint) to the plaintiff's attorney(s) shown above or in the attached document. Fill out the enclosed answer form and deliver or mail it to the court clerk.

This answer must be mailed or delivered within Thirty (30) days after this summons and Statement of Claim (Complaint) were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the Statement of Claim (Complaint). You must also file the original of your answer with the clerk of this court.

### INSTRUCTIONS TO SHERIFF OR PROCESS SERVER

( )    To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure. You are hereby commanded to serve this summons and a copy of the Statement of Claim (Complaint) in this action upon the defendant(s).

(X)    This service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Date: 9/3/05    Clerk: _____
    Address: _____

**RETURN ON SERVICE:**
( ) Certified mail return receipt in this office on (date)_____ (Return Receipt Attached hereto)
( ) I certify that I personally delivered a copy of the summons and Statement of Claim (Complaint) to _____ in _____ County, Alabama on

Date: _____

Server Address: _____    Type of Server: _____



EXHIBIT A

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LORI ANN MORRIS,

    PLAINTIFF,

VS.

EDWARD NEAL THOMPSON, ET AL.,

    DEFENDANT.

CASE NO.: CV-05-172

**SUMMONS**

TO: Edward Neal Thompson
801 5th Avenue
Geneva, AL 36240

### TO THE ABOVE NAMED DEFENDANT:

The Statement of Claim (Complaint) which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written answer either admitting or denying each allegation in the Statement of Claim (Complaint) to the plaintiff's attorney(s) shown above or in the attached document. Fill out the enclosed answer form and deliver or mail it to the court clerk.

This answer must be mailed or delivered within Thirty (30) days after this summons and Statement of Claim (Complaint) were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the Statement of Claim (Complaint). You must also file the original of your answer with the clerk of this court.

### INSTRUCTIONS TO SHERIFF OR PROCESS SERVER

( )  To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure. You are hereby commanded to serve this summons and a copy of the Statement of Claim (Complaint) in this action upon the defendant(s).

(X)  This service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Date: 8/31/05       Clerk: _Eddie W. Hallard_
                 Address: _____

**RETURN ON SERVICE:**
( )  Certified mail return receipt in this office on (date) _____ (Return Receipt Attached hereto)
( )  I certify that I personally delivered a copy of the summons and Statement of Claim (Complaint) to _____ in _____ County, Alabama on

Date: _____      _____

Server Address _____      Type of Server _____

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LORI ANN MORRIS, as Administratrix )
of the Estate of Vernell Brian Morris, )
                              )
         PLAINTIFF, )
                              )
Vs. )
                              )
FLORIDA TRANSFORMER, EDWARD )
NEAL THOMPSON and fictitious parties, )
A, B and C being that person, persons, )
partnership or corporation who was operating )
the vehicle at the time of the accident made the )
basis of this Complaint; D, E and F being that )
person, persons, partnership or corporation )
who owned said vehicle; G, H and I being )    CIVIL ACTION NO.: CV-05-172
the person, persons, partnership or corporation )
who maintained the vehicle driven by Edward )
Neal Thompson at the time of accident made )
the basis of this Complaint; J, K and L being )
that person, persons, partnership or )
corporation who negligently hired and retained )
Edward Neal Thompson; and M, N and O, being )
that person, persons, partnership or corporation )
who negligently entrusted the vehicle driven by )
Edward Neal Thompson or the fictitious driver )
at the time of said accident made the basis of )
this Complaint, whose names are otherwise )
unknown to the Plaintiff at this time but will )
be added by amendment when ascertained, )
                              )
         DEFENDANTS. )



### COMPLAINT

COMES NOW the Plaintiff and says as follows:

1. The Plaintiff, Lori Ann Morris, the widow and Administratrix of the Estate of Vernell

Brian Morris, deceased, is over the age of nineteen years and is a resident citizen of the Parish of East Baton Rouge, LA. (Exhibit 1).

2. Defendant, Florida Transformer, is a Corporation incorporated in the State of Florida with its principal operations in Defuniak Springs, Florida.

3. The Defendant, Edward Neal Thompson (hereinafter, "Thompson"), is over the age of nineteen years and is a resident of Butler County, Alabama.

### COUNT I - WRONGFUL DEATH

4. On or about the 2nd day of September, 2004, Plaintiff's intestate, Vernell Brian Morris, was operating a tractor-trailer vehicle traveling North on Interstate I-85 in Macon County, Alabama, near its intersection with Macon County Roads 30 and 93.

5. At said time and place, a tractor-trailer vehicle, owned by Defendant, Florida Transformer, and operated by Defendant, Thompson, was also traveling North on Interstate I-85.

6. At said time and place, Defendant, Thompson, negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the tractor-trailer occupied by Plaintiff's intestate, Vernell Brian Morris.

7. Plaintiff claims that at the time of said accident, Defendant, Thompson, was acting within the line and scope of his employment with Defendant, Florida Transformer, when he negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the tractor trailer occupied by Plaintiff's intestate, Brian Vernell Morris.

8. Plaintiff claims that Defendant, Florida Transformer, negligently and/or wantonly maintained the vehicle driven by Defendant, Thompson.

9. Plaintiff claims that Defendant, Thompson, failed to maintain proper control of his

-2-

tractor-trailer rig by failing to bring it to a safe stop and thereby negligently and/or wantonly caused the collision which resulted in the death of Plaintiff's intestate, Vernell Brian Morris.

10. Plaintiff claims that Defendant, Thompson, negligently and/or wantonly, failed to maintain proper look-out for the vehicle occupied by Plaintiff's intestate, Vernell Brain Morris when he allowed the vehicle driven by him to collide with that occupied by Plaintiff's intestate.

11. Plaintiff avers that Defendant, Edward Neal Thompson through his negligent and/or wanton inattentiveness, failed to observe the vehicle of Plaintiff's intestate and failed to bring his vehicle to a stop in time to avoid the collision between his vehicle and that occupied by Plaintiff's intestate, Brian Vernell Morris.

12. Plaintiff claims that Defendant, Thompson, had the last clear chance to avoid the collision between his tractor-trailer rig and the vehicle occupied by Plaintiff's intestate.

13. Plaintiff avers that Defendant, Thompson, negligently and/or wantonly violated State and Federal regulations when he negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the vehicle occupied by Plaintiff's intestate, Vernell Brian Morris.

14. As a direct and proximate cause of the aforementioned negligence and/or wantonness Plaintiff's intestate, Vernell Brian Morris received serious bodily injuries from which he died.

WHEREFORE, Plaintiff, Lori Ann Morris, as Administratrix of the Estate of Brian Vernell Morris, demands judgment against Defendants, Florida Transformer and Edward Neal Thompson, jointly and severally for the wrongful death of Vernell Brain Morris the sum of $10,000,000.00 and costs.

## COUNT II - NEGLIGENT HIRING AND RETENTION

15. Plaintiff realleges all preceding allegations of Count I of this Complaint as if they are fully set out herein.

16. Plaintiff claims that Defendant, Florida Transformer, negligently hired and retained Defendant, Thompson, in its employ.

17. Plaintiff avers that as a direct and/or a proximate cause of said negligent hiring and retention of Defendant, Thompson, said Defendant negligently and/or wantonly allowed the vehicle driven by him to collide with the vehicle occupied by Plaintiff's Intestate, Vernell Brian Morris.

18. Plaintiff avers that as a proximate cause of the above-mentioned negligence and/or wantonness, Plaintiff's intestate, Vernell Brian Morris, suffered serious bodily injury which resulted in his death.

WHEREFORE, Plaintiff demands judgment against Florida Transformers in the amount of $10,000,000.00.

## COUNT III - NEGLIGENT ENTRUSTMENT

19. Plaintiff, Lori Ann Morris, realleges all allegations of Counts I and II of the Complaint, as if fully set out herein.

20. Plaintiff further claims that Defendant, Florida Transformer, negligently entrusted a tractor-trailer vehicle to Defendant, Thompson, while knowing said Defendant to be a reckless and heedless driver.

-4-

21. Plaintiff avers that as a direct and proximate cause of said negligent entrustment, Defendant, Thompson, negligently and/or wantonly allowed his vehicle to collide with the vehicle occupied by Plaintiff's intestate, Vernell Brian Morris.

22. Plaintiff avers that as a result of said negligence and/or wantonness, Florida Transformer negligently and/or wantonly caused serious bodily injury to Plaintiff's intestate, Vernell Brian Morris, which resulted in his death.

WHEREFORE, Plaintiff demands punitive damages against Defendant, Florida Transformer, in the sum of $10,000,000.00

## COUNT IV - FICTITIOUS PARTIES

23. Plaintiff realleges and adopts all preceeding allegations and averments as if fully set out herein.

24. Plaintiff claims that fictitious parties, A, B and C operated a vehicle, owned by D, E and F, and negligently and/or wantonly allowed said vehicle to collide with the vehicle occupied by Plaintiff's intestate.

25. At the time of said accident, Defendants, A, B and C, were acting within the scope of his or their employment with Defendant, D, E and F.

26. Plaintiff avers that Defendants, G, H and I negligently and/or wantonly maintained the vehicle driven by Defendants A, B and/or C.

27. Plaintiff avers that Defendants, J, K and L negligently hired and retained Defendants, A, B and C.

28. Plaintiff avers that Defendants, M, N and O negligently entrusted the vehicle to A, B and C.

-5-

29. Plaintiff avers that as a proximate cause of the negligence and/or wantonness of A, B, C, D, E, F, G, H, I, J, K, L, M, N and O, Plaintiff's intestate, Vernell Brian Morris, suffered serious bodily injury and died.

WHEREFORE, Plaintiff demands judgment against Defendants, A, B, C, D, E, F, G, H, I, J, K, L, M, N and O, jointly and/or severally, in the amount of $10,000,000.00

Respectfully submitted,

Henry L. Penick, Esquire
H. L. PENICK & ASSOCIATES, P.C.
319- 17th Street North, Suite 200
Birmingham, Alabama 35203
(205) 252-2538

Dr. Edward A. Robinson, III, Esquire
600 North Foster Drive
P.O. Box 3131
Baton Rouge, LA 70821

**PLAINTIFF'S ADDRESS**

Lori Ann Morris
c/o Henry L. Penick
P.O. Box 967
Birmingham, AL 35201

**DEFENDANTS' ADDRESS**

Florida Transformer
P.O. Box 507
DeFuniak Springs, FL 32435

Edward Neal Thompson
801 5th Avenue
Geneva, AL 36340

-6-

**19TH JUDICIAL DISTRICT COURT**
**FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 83,091        DIVISION " "        SECTION NO. 25

**SUCCESSION OF VERNELL MORRIS**

FILED: _____        _____
                              DEPUTY CLERK

### LETTERS OF ADMINISTRATION

THIS SHALL CERTIFY to all whom may concern, that on the 25th day of August, in the year of our Lord Two Thousand and five, an application was made to the Honorable Judge of the Civil District Court for the Parish of East Baton Rouge, State of Louisiana, Division " ", by Lori Ann Morris, praying that she may be appointed Administrator of the estate of Mr. Vernell Brian Morris.

NOW, KNOW YEA, That Lori Ann Morris has been appointed Administrator of the said Succession of Vernell Brian Morris, and that she has been fulfilled all requisites of law.

Witness our hand and seal of said Court at the
City of B.R., State of Louisiana, this
_____ day of _____, in the
Year of our Lord, two thousand five.

_____
DEPUTY CLERK

A TRUE COPY
DY. CLERK OF COURT

EXHIBIT 1