IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORI ANN MORRIS** | ] |
|     **Plaintiff,** | ] |
| v. | ]   Civil Action No. 3:05-CV-962-T |
| **EDWARD NEAL THOMPSON and FLORIDA TRANSFORMER,** | ] |
|     **Defendants.** | ] |

### BRIEF IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW,** Defendant Florida Transformer and pursuant to this Court's order, hereby files this Brief in Support of its Motion for a More Definite Statement, and states as follows:

1. This is a wrongful death case that arises out of an automobile accident. Plaintiff has stated various claims against Defendant Edward Neal Thompson and his alleged employer, Florida Transformer, Inc. One of the claims asserted against Florida Transformer, Inc. is that its alleged employee, Thompson, "negligently and/or wantonly violated state and federal regulations." Plaintiff does not state which particular state and federal regulations were allegedly violated. In addition, plaintiff fails to allege what particular conduct serves the basis of any violation of state or federal regulation(s).

2. An issue identical to the one before this Court was addressed in *Kveragas v. Scottish Inns, Inc.*, 96 F.R.D. 425 (E.D. Tenn. 1983). In *Kveragas*, the plaintiff averred that the defendant violated "the provisions of the applicable Statute of the State of Tennessee." The defendant, pursuant to Rule 12(e) of the *Federal Rules of Civil*

*Procedure* filed a motion for a more definite statement as to what particular statutes the plaintiff referred to. The trial court granted the defendant's motion and in so doing, stated as follows:

> I think that the amended complaint and the "Compliance" which I deemed to be an amendment to the amended complaint, advises defendants of everything they need to know to frame a responsive pleading except I don't see how defendants can plead to the accusation that they disobeyed "the provisions of the applicable Statute of the State of Tennessee." Defendants are entitled to know what statute they supposedly violated. Defendants can't tell whether plaintiffs were talking about a civil or criminal statute. They don't know if plaintiffs have some statute in mind they are going to argue creates a presumption of liability on defendants' part. If plaintiffs are going to claim defendants are liable under some statutory provision, defendants must surely be told now - not in later discovery - the accusation they are defending against.

*Kveragas* at 426.

A similar holding was made in *Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346 (D. Minn. 1995). The Defendants filed a Motion for a More Definite Statement in response to the Plaintiff's Complaint, which merely alleged that the "Defendant has engaged in unlawful employment practices in violation of the ADA." The Court noted that the Complaint failed to state the bases for the conclusory allegation that the ADA had been violated. In addition, the Complaint failed to state what actions performed by the Defendant allegedly violated the ADA. In granting the Defendant's Motion for a More Definite Statement, the trial court noted the following:

> Were we to relegate the acceptable norms of pleading to the province of discovery, we would be abandoning our obligation, and the litigants' obligation, to expedite the disposition of the action through the discouragement of wasteful pretrial activities as is contemplated by Rule 16(a) and (c), Federal Rules of Civil Procedure. Lastly, we would merely observe that any current view that the deficiencies in pleading may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules. To abdicate

competent pleading in deference to amplified discovery does a distinct injustice to our responsibility, under Rule I, Federal Rules of Civil Procedure, to "administer" our procedures so as "to secure the just, speedy, and inexpensive determination of every action."

*Eisenach* at 349. See also *Robinette v. Griffith*, 483 F.Supp. 28 (W.D. Va. 1979) (Defendant's Motion for More Definite Statement due to be granted where Plaintiff merely alleged violation of Regulation Z of the Consumer Credit Protection Act and otherwise failed to set forth the nature of any such violation).

3. The Plaintiff has alleged that Defendant Edward Thompson violated state and federal regulations and that Defendant Florida Transport, as Thompson's alleged employer, is therefore responsible. They provide no further detail as to either the specific regulations that have been allegedly violated, or the specific actions that constitute any such violation. As can be seen from the case law cited above, these pleadings are insufficient and the Defendant's motion is due to be granted.

WHEREFORE, premises considered, Defendant respectfully requests that this Court enter an order granting Defendant's Motion for a More Definite Statement with respect to Plaintiff's allegations that any state or federal regulations have been violated.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain

/s/ Richard E. Broughton
Richard E. Broughton

Attorneys for Florida Transformer, Inc.

<u>OF COUNSEL:</u>
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this October 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penick
hlpenick@bham.rr.com  hlpenick@penickandassoc.com

Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821


                                       /s/ W. Evans Brittain
                                       OF COUNSEL