IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORI ANN MORRIS** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No. 3:05-CV-962-T |
| ] | |
| **EDWARD NEAL THOMPSON and** ] | |
| **FLORIDA TRANSFORMER,** ] | |
| ] | |
| Defendants. ] | |

## BRIEF IN SUPPORT OF MOTION TO ALLOW LIMITED DISCOVERY

**COMES NOW,** Defendant Florida Transformer, Inc. and pursuant to this Court's order, hereby files this Brief in Support of its previously filed Motion to Allow Limited Discovery Pertaining to Jurisdictional Issues, and hereby submits the following:

1. This case is pending in this Court based on the Defendant's removal of this case from state court. The basis for the removal was that this Court has original jurisdiction on the basis of the existence of a federal question. More specifically, the plaintiff avers that the Defendant is liable based, at least in part, on Defendant's violations of "federal regulations." Plaintiff goes no further in elaborating on what federal regulations were allegedly violated or how any such regulations may have been violated.[1] In an effort to determine what federal regulations have allegedly been violated, Defendant has submitted Interrogatories and Request for Admissions.

2. The issue of whether a party may conduct limited discovery as to

---

[1] Defendant has also filed a Motion for a More Definite Statement in an effort to determine exactly what regulations Plaintiff alleged that this Defendant has violated, and, specifically, how any such regulation may have been violated.

jurisdictional issues was addressed by this Court in *Steele v. Underwriters Adjusting Company*, 649 F.Supp. 1414 (M.D. Ala. 1986).  In *Steele*, the issue before the Court was whether the Court had jurisdiction under 28 U.S.C. §1332.  Specifically, the issue was whether the amount in controversy exceeded $10,000.00.  In order to clarify the situation, the trial court ordered that limited discovery be conducted solely as to that issue.

> A period of discovery which has as its sole purpose the determination of the amount in controversy would clarify the jurisdictional question in this case. This will give the Defendant an opportunity to submit requests for admissions, etc., in an effort to require Plaintiff to be specific regarding the value of Plaintiffs case. It will also give the Plaintiff an opportunity to submit an affidavit admitting that his case is worth less than $10,000.00, if that was, in fact, what Plaintiff was attempting to do in his motion to remand.

*Steele* at 1418.

3.    At issue here is whether there exists a substantial federal question that will allow this Court to retain jurisdiction over this matter.  Obviously, the Court will be unable to make any such determination absent the Court knowing exactly what federal regulation the Plaintiff claims has been violated and the facts surrounding any such alleged violation.

WHEREFORE, premises considered, Defendant respectfully requests that this Court enter an order allowing Defendant to conduct limited discovery solely as to the issues of jurisdiction in an effort to determine whether, in fact, federal question does exist.

    Respectfully submitted,

    /s/ W. Evans Brittain
    W. Evans Brittain

    /s/ Richard E. Broughton
    Richard E. Broughton

    Attorneys for Florida Transformer, Inc.

<u>OF COUNSEL:</u>
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

  I hereby certify that on this October 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penick
hlpenick@bham.rr.com  hlpenick@penickandassoc.com

Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821


        /s/ W. Evans Brittain
        OF COUNSEL