IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS, as Administratrix ) <br> of the Estate of Vernell Brian Morris, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> Vs. ) <br> ) <br> FLORIDA TRANSFORMER, INC. EDWARD ) <br> NEAL THOMPSON and fictitious parties, ) <br> A, B and C being that person, persons, ) <br> partnership or corporation who was operating ) <br> the vehicle at the time of the accident made the ) <br> basis of this Complaint; D, E and F being that ) <br> person, persons, partnership or corporation ) <br> who owned said vehicle; G, H and I being ) <br> the person, persons, partnership or corporation ) <br> who maintained the vehicle driven by Edward ) <br> Neal Thompson at the time of accident made ) <br> the basis of this Complaint; J, K and L being ) <br> that person, persons, partnership or ) <br> corporation who negligently hired and retained ) <br> Edward Neal Thompson; and M, N and O, being ) <br> that person, persons, partnership or corporation ) <br> who negligently entrusted the vehicle driven by ) <br> Edward Neal Thompson or the fictitious driver ) <br> at the time of said accident made the basis of ) <br> this Complaint, whose names are otherwise ) <br> unknown to the Plaintiff at this time but will ) <br> be added by amendment when ascertained, ) <br> ) <br> DEFENDANTS. ) | CIVIL ACTION NO.: <br><br> 3:05CV962-T |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff and says as follows:

1. The Plaintiff, Lori Ann Morris, the widow and Administratrix of the Estate of Vernell

-1-

Brian Morris, deceased, is over the age of nineteen years and is a resident citizen of the Parish of East Baton Rouge, LA. (Exhibit 1).

2. Defendant, Florida Transformer, Inc., (hereinafter, "Florida Transformer"), is a Corporation incorporated in the State of Florida with its principal operations in Defuniak Springs, Florida.

3. The Defendant, Edward Neal Thompson (hereinafter, "Thompson"), is over the age of nineteen years and is a resident of Butler County, Alabama.

## COUNT I - WRONGFUL DEATH

4. On or about the 2nd day of September, 2004, Plaintiff's intestate, Vernell Brian Morris, was operating a tractor-trailer vehicle traveling North on Interstate I-85 in Macon County, Alabama, near its intersection with Macon County Roads 30 and 93.

5. At said time and place, a tractor-trailer vehicle, owned by Defendant, Florida Transformer, and operated by Defendant, Thompson, was also traveling North on Interstate I-85.

6. At said time and place, Defendant, Thompson, negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the tractor-trailer occupied by Plaintiff's intestate, Vernell Brian Morris.

7. Plaintiff claims that at the time of said accident, Defendant, Thompson, was acting within the line and scope of his employment with Defendant, Florida Transformer, when he negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the tractor trailer occupied by Plaintiff's intestate, Brian Vernell Morris.

8. Plaintiff claims that Defendant, Florida Transformer, negligently and/or wantonly maintained the vehicle driven by Defendant, Thompson.

9. Plaintiff claims that Defendant, Thompson, failed to maintain proper speed that was reasonable and prudent under the conditions and having due regard to the actual and potential hazards then existing on the roadway, when he collided with the vehicle operated by Plaintiff's intestate, in violation of Section 32-5A-170 Code of Alabama (1975).

10. Plaintiff claims that Defendant, Thompson, failed to maintain proper control of his tractor-trailer rig by failing to bring it to a safe stop and thereby negligently and/or wantonly caused the collision which resulted in the death of Plaintiff's intestate, Vernell Brian Morris.

11. Plaintiff claims that Defendant, Thompson, negligently and/or wantonly, failed to maintain proper look-out for the vehicle occupied by Plaintiff's intestate, Vernell Brian Morris when he allowed the vehicle driven by him to collide with that occupied by Plaintiff's intestate, in violation of Code of Alabama (1975), Section 32-5A-170.

12. Plaintiff avers that Defendant, Thompson through his negligent and/or wanton inattentiveness, failed to observe the vehicle of Plaintiff's intestate and failed to bring his vehicle to a stop in time to avoid the collision between his vehicle and that occupied by Plaintiff's intestate, Brian Vernell Morris.

13. Plaintiff claims that Defendant, Thompson, had the last clear chance to avoid the collision between his tractor-trailer rig and the vehicle occupied by Plaintiff's intestate.

14. Plaintiff avers that Defendant, Thompson, when he negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the vehicle occupied by Plaintiff's intestate, Vernell Brian Morris, negligently, recklessly, wantonly and/or intentionally violated the following State and Federal regulations:

a. Defendant, Thompson was an unqualified driver; in violation of the Federal Motor Carrier Safety Improvement Act of 1999 and the Federal Motor Carrier Safety Regulations;

b. Defendant was medically disqualification (49 CFR Section 391.41);

c. Defendant did not disclose his list of violations (49 CFR Section 391.27);

d. Defendant fail to provide Florida Transformer with a list of violations (49 CFR Section 391.21);

e. Defendant was disqualified because of his driving history (49 CFR Section 391.27);

f. Defendant, Thompson was disqualified for having 3 serious traffic violations within 3 years (49 CFR Section 383.51);

g. Defendant had not successfully completed a driver's road test (49 CFR Section 391.31);

h. At the time of the accident, Defendant, Thompson, did not have a certificate of completion of road test (49 CFR Section 391.31);

i. Defendant, Thompson failed to submit to post-accident testing (49 CFR parts 40 and 382);

j. Defendant,, Thompson violated the hours of service rules by driving over the maximum of 11 hours, without having 10 consecutive hours off duty and exceeding a maximum period of on duty of 14 hours, without at least 10 consecutive hours off duty (49 CFR Sections 395.1(b) and 395.2);

k. Defendant, Thompson failed to provide Florida Transformers with driver logs (49 CFR Section 395.2);

l. Defendant, Thompson failed to systematically inspect, repair and maintain the vehicle under his control (49 CFR Section 396.3);

m. Defendant, Thompson operated a vehicle forbidden from operation for lack of repairs and maintenance (49 CFR Section 396.7);

      n. Defendant, Thompson failed to make pre-trip inspection (49 CFR Section 392.7).

15. As a direct and proximate cause of the Defendants' aforementioned negligence and/or wantonness and violation of statutes, Plaintiff's intestate, Vernell Brian Morris received serious bodily injuries from which he died.

WHEREFORE, Plaintiff, Lori Ann Morris, as Administratrix of the Estate of Brian Vernell Morris, demands judgment against Defendants, Florida Transformer and Edward Neal Thompson, jointly and severally for the wrongful death of Vernell Brain Morris in the sum of $10,000,000.00 and costs.

## COUNT II - NEGLIGENCE OF FLORIDA TRANSFORMER

16. Plaintiff realleges and adopts all preceeding paragraphs of Count I of this Complaint as if fully set-out herein.

17. Plaintiff claims that Defendant, Florida Transformer, failed to maintain a road worthy vehicle which it allowed Defendant, Thompson, to drive in its employ, in violation of Section 396.1 of the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR Section 396.1.

18. Defendant, Florida Transformer, failed to systematically inspect, repair and maintain, or caused to be systematically inspected, repaired and maintained, the vehicle driven by Defendant, Thompson, in violation of Section 396.3 FMCSR.

19. Defendant, Florida Transformer, allowed Defendant Thompson, to place into operation, a defective or defectively maintained vehicle in violation of Section 396.7 FMCSR.

20. Defendant, Florida Transformer, failed to perform a pre-trip inspection of the vehicle driven by Defendant, Thompson, in violation of Section 392.7 FMCSR.

21. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, did not drive a maximum of 11 hours or be on duty a maximum of 14 hours, without 10 consecutive hours off duty before he drove, in violation of Section 395.1 and 2 FMCSR.

22. Defendant, Florida Transformer, failed to maintain duty status, worksheets or driver's log on Defendant, Thompson.

23. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, underwent a alcohol and drug test within 2 hours of the subject accident which resulted in the death of Plaintiff's intestate, in violation of Section 382 FMCSA.

24. Plaintiff avers that as a proximate cause of the above-mentioned negligence and/or wantonness and/or violation of State and Federal Statutes and Regulations, Plaintiff intestate, Vernell Brian Morris, suffered serious bodily injuries which resulted in his death.

WHEREFORE, Plaintiff demands judgment against Florida Transformer in the amount of $10,000,000.00.

## COUNT III - NEGLIGENT HIRING, SUPERVISION AND RETENTION

25. Plaintiff realleges all preceding allegations of Counts I and II of this Complaint as if they are fully set-out herein.

26. Plaintiff claims that Defendant, Florida Transformer, negligently hired, supervised and retained Defendant, Thompson, in its employ, in violation of the following regulations:

> a. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, was a qualified driver, in violation of Section 383 and 391 FMCSR;

b. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, was medically qualified to drive the vehicle he drove on the occasion of Plaintiff's intestate's death, in violation of Section 391.41 FMCSR;

c. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, fully disclosed his list of violations, in violation of Section 392.27 FMCSR;

d. Defendant, Florida Transformer, failed to obtain the requisite driving history of Defendant, Thompson, before hiring him in violation of Section 391.27 FMCSR;

e. Defendant, Florida Transformer, failed to insure that Defendant, Thompson, had successfully completed a driver's road test, before giving him control of the vehicle which caused the death of Plaintiff's intestate, in violation of Section 391.31 FMCSR;

f. Defendant, Florida Transformer, failed to certify that Defendant, Thompson, was in possession of a certificate of completion of road test, before giving him control of the vehicle which caused Plaintiff's intestate's death, in violation of Section 391.31 FMCSR;

g. Defendant, Florida Transformer, failed to disqualify Defendant, Thompson, from driving its vehicles, after determining that Thompson had engaged in 3 serious traffic violations within 3 years, in violation of Section 383.51 FMCSR;

h. Defendant, Florida Transformer, failed to ascertain that Defendant, Thompson, was in possession of a medical examiner's certificate showing that he was qualified to drive, in violation of Section 391.64 FMCSR;

i. Defendant, Florida Transformer, failed to ascertain that Defendant, Thompson, submitted to post-accident drug and alcohol testing, as required by Section 382 FMCSR;

j. Defendant, Florida Transformer, failed to ascertain that Defendant, Thompson, did not violate the hours of service rules by driving over the maximum of 11 hours, without having 10 consecutive hours off duty and exceeding a maximum period on duty of 14 hours, without at least 10 consecutive hours off duty, in

    violation of Section 395.1(b) and 2 FMCSR;

    k. Defendant, Florida Transformer, failed to ascertain that Defendant, Thompson, provided Florida Transformer with a driver logs, in violation of Section 395.2 FMCSR;

    l. Defendant, Florida Transformer, failed to ascertain that Defendant, Thompson, made pre-trip inspections of his vehicle, in violation of Section 392.7 FMCSR.

27. Plaintiff avers that as a direct and/or a proximate cause of said negligent hiring, supervision and retention of Defendant, Thompson, said Defendant negligently, recklessly, and/or wantonly allowed the vehicle driven by him to collide with the vehicle occupied by Plaintiff's Interstate, Vernell Brian Morris.

28. Plaintiff avers that as a proximate cause of the above-mentioned negligence and/or wantonness, and/or statutes or regulations, Plaintiff's intestate, Vernell Brian Morris, suffered serious bodily injury which resulted in his death.

WHEREFORE, Plaintiff demands judgment against Florida Transformers in the amount of $10,000,000.00.

## COUNT IV - NEGLIGENT ENTRUSTMENT

29. Plaintiff, Lori Ann Morris, realleges all allegations of Counts I and II of the Complaint, as if fully set out herein.

30. Defendant, Florida Transformer, entrusted a tractor-trailer to Defendant, Thompson, while knowing said Defendant to be an unqualified driver, medically and otherwise, in violation Sections 391 and 383 FMCSR.

31. Plaintiff further claims that Defendant, Florida Transformer, negligently entrusted a tractor-trailer vehicle to Defendant, Thompson, while knowing said Defendant to be a reckless and heedless driver.

32. Plaintiff avers that as a direct and proximate cause of said negligent entrustment, Defendant, Thompson, negligently and/or wantonly allowed his vehicle to collide with the vehicle occupied by Plaintiff's intestate, Vernell Brian Morris.

33. Plaintiff avers that as a result of said negligence and/or wantonness, Florida Transformer negligently and/or wantonly caused serious bodily injury to Plaintiff's intestate, Vernell Brian Morris, which resulted in his death.

WHEREFORE, Plaintiff demands punitive damages against Defendant, Florida Transformer, in the sum of $10,000,000.00

## COUNT IV - FICTITIOUS PARTIES

34. Plaintiff realleges and adopts all preceeding allegations and averments as if fully set-out herein.

35. Plaintiff claims that fictitious parties, A, B and C operated a vehicle, owned by D, E and F, and negligently and/or wantonly allowed said vehicle to collide with the vehicle occupied by Plaintiff's intestate.

36. At the time of said accident, Defendants, A, B and C, were acting within the scope of his or their employment with Defendant, D, E and F.

37. Plaintiff avers that Defendants, G, H and I negligently and/or wantonly maintained the vehicle driven by Defendants A, B and/or C.

38. Plaintiff avers that Defendants, J, K and L negligently hired, supervised and retained Defendants, A, B and C.

39. Plaintiff avers that Defendants, M, N and O negligently entrusted the vehicle to A, B and C.

40. Plaintiff avers that as a proximate cause of the negligence and/or wantonness of A, B, C, D, E, F, G, H, I, J, K, L, M, N and O, Plaintiff's intestate, Vernell Brian Morris, suffered serious bodily injury and died.

WHEREFORE, Plaintiff demands judgment against Defendants, A, B, C, D, E, F, G, H, I, J, K, L, M, N and O, jointly and/or severally, in the amount of $10,000,000.00

Respectfully submitted,

/s/ Henry L. Penick
Henry L. Penick, Esquire
H. L. PENICK & ASSOCIATES, P.C.
319- 17th Street North, Suite 200
Birmingham, Alabama 35203
(205) 252-2538


/s/ Edward A. Robinson
Dr. Edward A. Robinson, III, Esquire
600 North Foster Drive
P.O. Box 3131
Baton Rouge, LA 70821

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above Interrogatories on this the  1st  day of  June , 2006, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Richard E. Broughton
W. Evans Brittain
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive - Suite 204
Post Office Box 2148
Montgomery, Alabama 36109-5413

                                       /s/ Henry L. Penick