**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORI ANN MORRIS,** | } | |
| **Plaintiff,** | } | |
| **vs.** | } | **CIVIL ACTION NO.3:05cv962-T** |
| **FLORIDA TRANSFORMER, EDWARD NEAL THOMPSON, et al.,** | } | |
| **Defendants.** | } | |

**MOTION FOR SUMMARY JUDGMENT ON BEHALF OF ALL DEFENDANTS, AND BRIEF IN SUPPORT OF MOTION**

COME NOW the Defendants Edward Neal Thompson ("Thompson") and Florida Transformer, Inc. ("FTI") (collectively referred to as "Defendants") and pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Court for summary judgment in their favor on the grounds that there are no genuine issues as to any material facts and the Defendants are entitled to judgment as a matter of law. In support of this Motion, Defendants submit the following:

1. Plaintiff's Complaint ("Complaint") (Exh. A).
2. Affidavit of Edward Neal Thompson (Exh. B).
3. Affidavit of William Earl Tidwell (Exh. C).
4. Excerpts from the Alabama Uniform Traffic Accident Report of 9/2/04 ("Accident Report") (Exh. D).

4. Statement of Facts (see below).

5. Brief in Support of Motion for Summary Judgment (see below).

**STATEMENT OF FACTS**

On 9/2/04 at 3:25 a.m. on I-85 between Macon County Road 30 and Macon County Road 93, a collision occurred between a tractor trailer vehicle operated by Plaintiff's intestate, Vernell Brian Morris ("Morris"), and a tractor trailer operated by Defendant Thompson, as both vehicles were traveling north on I-85. (Complaint, ¶¶ 4-6) (Accident Report, p. 1).[1]

From the physical evidence at the scene, it appears that Morris' tractor trailer was traveling northbound on I-85 south of the accident site when it left the left side of the roadway, went down the embankment in the median, struck a road sign, struck a drainage ditch, went up an embankment, came down an embankment, struck a drainage ditch, went up an embankment and overturned on the driver's side as it came back onto the roadway blocking both lanes of northbound I-85, where it was later struck by Thompson's tractor trailer. (Accident Report, p. 3) (Affidavits of Thompson and Tidwell). At the time of the collision between the two tractor trailers, Thompson was unable to see Morris' tractor trailer in time to avoid the collision, because it was lying on its driver's side with only the dark colored bottom of the undercarriage facing oncoming traffic, such that only the undercarriage and tires could have been seen by Thompson as his vehicle approached. (Accident Report) (Affidavits of Thompson and Tidwell).

Although the Complaint fails to mention and/or describe the event that caused Morris to leave the highway and go down in the median striking several structures therein,

[1] For purposes of this Motion for Summary Judgment, the Defendants are assuming that the factual portions of the Alabama Uniform Traffic Accident Report prepared by Trooper Alex F. Huntley, including the narrative on the third page of the excerpt in Exh. D are undisputed. Defendants certainly

and eventually come to a stop on the driver's side blocking both northbound lanes of I-85 with only the bottom of Morris' tractor trailer rig facing oncoming traffic, it is undisputed that Thompson's vehicle had no involvement whatsoever in this initial accident. The Complaint alleges that Thompson allowed his vehicle to collide with Morris' vehicle (Complaint, ¶ 6), because Thompson failed to maintain a proper lookout for Morris' vehicle (Complaint, ¶ 10), or failed to observe Morris' vehicle in time to avoid the collision (Complaint, ¶ 11), and/or Thompson had the last clear chance to avoid the collision (Complaint, ¶ 12). The Complaint alleges three counts against these Defendants including: (1) Count I – Wrongful Death; (2) Count II – Negligent Hiring and Retention; and (3) Count III – Negligent Entrustment. All three of these counts are based upon the allegation that Thompson's conduct was either negligent or wanton, or that Thompson's vehicle was negligently and/or wantonly maintained.[2] To the contrary, there is no evidence

---

reserve the right to challenge the admissibility at trial of any aspects of this report that may be inadmissible at that time.

[2]Plaintiff filed an "Amended Complaint" on 6/1/06, apparently in response to this Court's 12/7/05 order granting the Defendants' motions for a more definite statement, and directing Plaintiff "to file a more detailed statement" "within 14 days from the date of this order." The 14 day period provided by the Court expired on 12/21/05. Therefore, the Amended Complaint filed on 6/1/06 was untimely by more than five months. The result is that the Defendants were served with this Amended Complaint on 6/1/06, only three business/working days before the 6/7/06 dispositive motion deadline. Obviously, the Defendants are unfairly prejudiced by this untimely filing of the Amended Complaint and cannot adequately respond to any new allegations concerning alleged violations of state and federal law within the current 6/7/06 deadline for filing dispositive motions. However, because all of the allegations in the Amended Complaint also appear to be based primarily or in part upon the alleged negligence/wantonness of Defendant Thompson, even if the Court allows the Amended Complaint, the Defendants are entitled to summary judgment as to each and every new allegation for those same reasons stated and argued herein, namely that Defendant Thompson was neither negligent, nor wanton, in the manner in which he operated his tractor-trailer rig at the time of this accident because as a matter of law from his perspective, the accident was unavoidable. The Defendants are filing a contemporaneous pleading in response to the Plaintiff's Amended Complaint to address the fact that it is untimely, and to address the new allegations contained therein in more detail. The Defendants, respectfully, request that in the event that the Court allows the Amended Complaint, that the Court reconsider its previous order denying Defendants' Motion to Continue, and either continue this case generally and enter a new scheduling order and a new dispositive motion deadline, or at least enter an order providing for a new dispositive motion deadline with respect to any new claims raised in the Amended Complaint.

whatsoever of any defect in the tractor or trailer being operated by Thompson, and there is no admissible evidence that Thompson saw, or could have seen, the Morris' overturned vehicle in time to avoid this unfortunate accident. (Affidavits of Thompson and Tidwell.)

Thompson and his passenger at the time of the accident, William Earl Tidwell ("Tidwell") (another FTI driver), had left the FTI facility in Defuniak Springs, Florida around 1:00 a.m. that morning. They traveled north through Geneva and Enterprise to Hwy. 231 in Troy, Alabama. They drove Hwy. 231 up to Hwy. 271 (Taylor Rd.) just south of Montgomery and stopped at the service station there (a Phillips 66 station) for a restroom break and a cup of coffee. They proceeded on Hwy. 271 over to I-85, and headed north on I-85 toward Atlanta traveling 70 mph, the speed limit on that section of I-85. (Affidavits of Thompson and Tidwell) (Accident Report). They were traveling in the right northbound lane. They had traveled through some light rain coming north on Hwy. 231, but it was not raining as they approached the accident site. It did appear to be overcast because it was very dark outside with no light from the moon, stars, or any lights along the highway. (Affidavits of Thompson and Tidwell).

All of a sudden, they both saw at about the same time, some of the tires on the overturned Morris vehicle. As soon as he saw these tires in his headlights, Thompson slammed on his brakes and braced for the collision. His vehicle slid into the Morris vehicle and struck it on the bottom of the chassis underneath where the cab was attached. When their vehicle stopped and they had exited the vehicle, Thompson and Tidwell saw another vehicle approaching from the south, and had to run back down the road and waive their arms to stop that vehicle. It barely stopped in time to avoid another collision, because the

lights on Thompson's vehicle were knocked out during this collision. (Affidavits of Thompson and Tidwell).

Neither Thompson nor Tidwell saw any lights or reflectors from Morris' vehicle as they approached. They saw nothing indicating that there was an overturned tractor trailer rig in the road ahead of them, until they saw what appeared to be trailer tires, and Thompson immediately slammed on the brakes to try to avoid a collision. Unfortunately, the collision was unavoidable. (Affidavits of Thompson and Tidwell).

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Defendants in this case are entitled to summary judgment in their favor as a matter of law, because the Plaintiff has failed to produce substantial evidence to support any claim for which a reasonable jury could return a verdict in her favor and against either of these Defendants. The evidence is undisputed that Mr. Morris, for whatever reason, had left the highway, had driven into the median, had hit several structures in the median, and had flipped his tractor trailer rig over on its driver's side, blocking both lanes of northbound traffic with the underside of the tractor trailer rig facing oncoming traffic, before Thompson's tractor trailer rig approached. Thompson and Tidwell have both explained that there was nothing visible on Morris' tractor trailer rig, until their headlights revealed what appeared to be an overturned vehicle. Thompson hit the brakes as soon as he possibly could at that point. There is no admissible evidence to support a claim that Thompson could have done anything else to try and avoid this unfortunate accident. The accident was unavoidable and the Plaintiff has presented no admissible evidence of any

wrongful conduct on the part of either Defendant that proximately caused the accident or the injuries to Mr. Morris.

The summary judgment standard applicable in cases of this type was stated in Celotex Corp. v. Catlett, 477 U.S. 317, 322-23 (1986) as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

At the summary judgment stage, the Court must construe the evidence and all factual inferences arising from it in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 157 (1970). However, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," and "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c).

The Defendants have satisfied their burden of providing admissible evidence demonstrating that this unfortunate accident was unavoidable from Defendant Thompson's perspective. Thompson's testimony is corroborated by Tidwell, the only other eyewitness to the events as they unfolded from the perspective of Thompson. It is clear and undisputed that from Thompson's perspective, he did everything a reasonable and prudent driver would have done, faced with the sudden emergency that manifested itself only when his headlights disclosed something Thompson certainly could not have anticipated, namely an overturned tractor-trailer rig blocking both lanes of northbound traffic with no lights, reflective tape, or other warnings to alert Thompson sooner of the peril/hazard that was blocking his path. Although these particular facts and circumstances seem to be unique, there are a number of similar cases applying Alabama's laws of negligence/wantonness to affirm summary judgments under circumstances less demanding than those faced by Defendant Thompson, where it was held that Defendants acted with reasonable care and prudence, but were unable to avoid similar collisions. See Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994); Shows v. Donnell Trucking Company, 631 So.2d 1010, 1012 (Ala. 1994); Latham v. Redding, 628 So.2d 490, 494 (Ala. 1993); Eason v. Comfort, 561 So.2d 1068, 1071 (Ala. 1990); Baker v. Helms, 527 So.2d 1241, 1243 (Ala. 1988); Plenkers v. Chappelle, 420 So.2d 41, 43 (Ala. 1982); Sharp v. Evans, 646 So.2d 134, 135 (Ala. Civ. App. 1994).

The above cases, whether analyzed as simple negligence/wantonness, subsequent negligence or as a sudden emergency, all reach a similar conclusion, that the Plaintiffs had not produced substantial evidence that the Defendant driver was negligent/wanton, or

had breached his/her duty to drive with reasonable care and prudence. Martin v. Arnold, 643 So.2d 564, at 567 held as follows:

> To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. (Citation omitted). To establish wantonness, the plaintiff must prove that the Defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains. (Citation omitted).
> ...
>
> ...Arnold's evidence indicated that he was acting reasonably and prudently, that he did not see Mrs. Martin's car until it was approximately 20 to 25 feet from his van, and that he, therefore, could not avoid the collision. While a motorist is negligent if he fails to discover a vehicle that he reasonably could have discovered in time to avoid injury, (citation omitted), Martin did not rebut Arnold's evidence with substantial evidence indicating that Arnold could have discovered Mrs. Martin's car soon enough to avoid the collision. Martin did not produce substantial evidence to rebut Arnold's prima facie showing that he did not negligently or wantonly breach his duty to drive with reasonable care and prudence.

In Latham v. Redding, 628 So.2d 490 at 494, the Court analyzed another similar situation and explained:

> "It is axiomatic that proof of negligence requires the establishment of a breach of a duty flowing from the Defendant to the Plaintiff which proximately causes damage to the Plaintiff (citations omitted)." The plaintiffs, therefore, must present substantial evidence that Redding breached a duty of care to the occupants of the Latham car. "Proof of an accident and injury alone is ... generally insufficient to establish negligence." (Citation omitted). "In an action to recover for injuries resulting from the operation of a motor vehicle, plaintiff has the burden of proving that defendant, or one for whose conduct he is responsible, was guilty of negligence or other misconduct as alleged, and the burden is not on the defendant so charged." (Citation omitted). "Plaintiff[s have the burden]...of proving that a collision was not an unavoidable accident, but was due to defendant's negligence...." (Citation omitted).

The plaintiffs failed to meet their burden of submitting substantial evidence to prove that Redding breached the duty of care. The plaintiffs have shown no evidence of wanton conduct by Redding. On the claim of negligence, they failed to present substantial evidence that Redding "did anything a reasonable, prudent person would not do or that he failed to do something that a reasonable, prudent person would have done." (Citation omitted). **In short, the plaintiffs failed to meet their burden of presenting substantial evidence that this was not an "unavoidable accident" from Redding's point of view.** (Emphasis added)

...

We hold that the plaintiffs failed to submit substantial evidence that Redding acted negligently or wantonly. Because there was no evidenced that Redding was negligent, there is no basis for imposing liability on Terra First or Vernon Milling.

...

If the agent is not liable for any tort, the principal is also absolved. Therefore, the summary judgment entered as to Terra First, Redding and Vernon Milling is affirmed.

Likewise, and similarly, the Plaintiff in this case has failed to meet her burden of presenting substantial evidence that our accident was not an unavoidable accident from Thompson's point of view. Therefore, Defendants Thompson and FTI, his employer, are entitled to summary judgment as a matter of law.

In anticipation of evidence based upon speculation and conjecture that might be offered by the Plaintiffs, it should be noted that "[s]peculation and conclusory allegations are insufficient to create a genuine issue of material fact." Brooks v. Colonial Chevrolet-Buick, Inc., 579 So.2d 1328, 1330 (Ala. 1991); and Latham, supra at 495.

It is equally true under Alabama law that in cases alleging "subsequent negligence", or "last clear chance", as is apparently the case herein, a sudden emergency, such as the one presented to Thompson in our case, usually negates any claim that a defendant had a

reasonable opportunity and necessary time to reasonably avoid an accident. Plenkers, supra and Sharpe, supra. The Plenkers court explained as follows (420 So.2d 42, at 43):

> ...Elements essential for a prima facie showing of subsequent negligence were reiterated in Scotch Lumber Co. v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972): **"It is well established in this jurisdiction that in order to predicate liability for subsequent negligence, the defendant must be shown to have had actual knowledge of the plaintiff in a perilous position** (emphasis added), and thereafter negligently failed to use all the means at his command and known to skillful engineers, so circumstanced, to avert damage to the plaintiff, when to have promptly and duly used such means could have averted the accident. (Citation omitted).
>
> 288 Ala. at 40, 256 So.2d 869. **Hence, both "actual knowledge of [a party] in a perilous position," and the subsequent negligent failure of a driver "to use all the means at his command and known to skillful [drivers]...to avert damage" are requisite to a prima facie showing of subsequent negligence.** (Emphasis added).
>
> The appellant does attempt to establish that appellee had knowledge of the appellant's peril by inference, but appellant did not address the second element of subsequent negligence, nor did he introduce evidence at trial indicating that the appellee had reasonably opportunity and necessary time to avert the accident by use of due care. In Owen v. McDonald, 291 Ala. 572, 575, 285 So.2d 79 (1973), the Court held: "The doctrine of subsequent negligence on the part of the plaintiff or defendant is not to be applied in a case where the manifestation of peril and the catastrophe are so close in point of time as to leave no room for preventative effort."... The appellant in the instant case failed to introduce evidence even suggesting that the appellee could have swerved or stopped within the 55-foot span to avoid this mishap. Further, the record shows that appellee slammed on his brakes upon discovering the appellant's peril, but the impact was virtually instantaneous.

Similarly, in our case, Thompson did not learn of the Plaintiff's peril until immediately before this impact, and he slammed on his brakes and did everything reasonably within his power to avoid this unfortunate accident. The fact that he was unable to avoid the accident does not establish substantial evidence of either negligence or subsequent negligence. Rather, it establishes that Thompson was faced with a sudden

emergency, and reacted in a manner that any reasonable driver faced with the same sudden emergency would have reacted, and was yet unable to avoid this unfortunate accident.

In analyzing a similar situation under a claim of subsequent negligence, but likewise with undisputed evidence of a sudden emergency, the court in Baker v. Helms, 527 So.2d 1241 at 1244, held has follows:

> If a motorist, without any fault of his own, is confronted with a sudden emergency, he is not "required to exercise the same presence of mine as would a prudent person under more deliberate circumstances." Jefferson County v. Sulzby, 468 So.2d 112, 116 (Ala. 1985).
>
> The evidence, even when viewed in a light most favorable to the plaintiff, indicates that Mrs. Helms, when first faced with such an emergency situation - i.e., when she first saw Chester crossing her path - reacted in a reasonable manner by applying the brakes of her pickup truck. The plaintiff failed to produce a scintilla of evidence that Mrs. Helms acquired actual knowledge of Chester Baker's perilous position in time to avoid the accident. Thus, the evidence is insufficient to support a verdict for the Plaintiff based on the doctrine of subsequent negligence." [3]

*See also* Shows, supra and Eason, supra.

Because the Plaintiff here has also failed to present substantial admissible evidence to support any claims of negligence/wantonness, or subsequent negligence on the part of Defendant Thompson, the Defendants are entitled to summary judgment in this case as a matter of law.

3 Baker was decided under the old "scintilla of evidence" standard which allowed even less proof than is now required under the current "substantial evidence" standard. See, Latham, supra. Since there is a higher burden of proof in the instant case, but even less evidence to support a verdict for the plaintiff, Baker is very persuasive that summary judgment should be granted defendants in this case.

Respectfully submitted,

/s/ Richard E. Broughton
Richard E. Broughton

/s/ W. Evans Brittain
W. Evans Brittain

Attorneys for Edward Neal Thompson
and Florida Transformer

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on this June 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penickhlpenick@bham.rr.com
hlpenick@penickandassoc.com

Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821

/s/ Richard E. Broughton
OF COUNSEL