IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD NEAL THOMPSON and<br>FLORIDA TRANSFORMER,<br><br>    Defendants. | Civil Action No. 3:05-CV-962-T |

## SECOND MOTION FOR MORE DEFINITE STATEMENT

**COME NOW,** Defendants Edward Neal Thompson and Florida Transformer, Inc., and pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*, hereby move this Court to enter an order requiring the Plaintiff to provide a more definite statement. In support of said motion, Defendants submit the following:

    1.    This is a wrongful death action arising out of an automobile accident involving Vernell Morris and Edward Neal Thompson. Lori Ann Morris has filed suit as the Administratrix of the Estate of Vernell Bryan Morris, suing Edward Neal Thompson, who was driving the vehicle involved in this accident, and Florida Transformer, Inc., who employed Edward Neal Thompson at the time of the accident that serves as the basis of this lawsuit. The Plaintiff seeks $10,000,000 from the Defendants.

    2.    Plaintiff filed this lawsuit on August 31, 2005 in the Circuit Court of Macon County, Alabama. This case was removed to federal court by the Defendants. In addition, the Defendants filed a Motion for More Definite Statement, which this Court granted on December 7, 2005. On June 1, 2006, the Plaintiff filed her Amended Complaint and set

forth numerous claims against these Defendants.

3.  The basis for the Motion for a More Definite Statement that was filed on October 6, 2005 in response to Plaintiff's original complaint was that the original complaint was vague and ambiguous. Specifically, the Plaintiff simply alleged that the Defendants "violated state and federal regulations." The Defendants requested that the Plaintiff state with more specificity the actual regulations that the Plaintiff contended were violated. The Plaintiff was ordered by this Court to file a more definite pleading by December 21, 2005.

4.  In the Amended Complaint, which was filed over five months after this Court ordered the Plaintiff to respond, the Plaintiff sets forth approximately 14 state and federal regulations that she contends were violated by Edward Neal Thompson. In addition, the Plaintiff sets forth 16 state and federal regulations that she contends were violated by Edward Neal Thompson's employer, Florida Transformer, Inc.

5.  While the Plaintiff's original complaint was deficient due to the fact that it failed to state with any sort of specificity exactly what regulation the Plaintiff was contending were violated, the Plaintiff's Amended Complaint is at the opposite end of the spectrum. The Plaintiff has filed a shotgun pleading in which she asserts numerous state and federal regulations that she claims were violated. In addition, the Plaintiff has failed to set forth any factual contentions that support the alleged violations. As will be discussed in more detail below, based on the Defendants' responses to the Plaintiff's discovery, the Plaintiff knew, or should have known, that many of the alleged violations are completely baseless.

6.  The Defendants deny any violations asserted by the Plaintiff. However, the problem facing the Defendants lies in the Defendants being unable to identify which claims

are completely baseless and which claims may require further inquiry by these Defendants.

    7.    Rule 12(e) of *Federal Rules of Civil Procedure* states as follows:

> (e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Judge Tjoflat, writing for the 11th Circuit, set forth the problems associated with the party's use of "shotgun pleading:"

> This case is part of a broader phenomenon that we have previously labeled "shotgun pleading." These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost-extended and largely aimless discovery will commence and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happened here. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, "the litigants suffer, and society loses confidence in the court[s'] ability to administer justice."
>
> We recognize the time pressures that the federal district courts face because of crowded dockets; it is much easier in the short term to permit shotgun pleadings-in the hope that the parties will settle their dispute- instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.

<u>Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290, 1333 (11th Cir.

1988). (Citations omitted). The Court also noted that "these general allegations operated as camouflage, obscuring the material allegations of [the plaintiff's] claims and necessarily implying that all the allegations were material to each claim." *Id.* at 1332.

As noted in the language above, when a Plaintiff is allowed to assert numerous allegations, some of which are completely baseless, it impedes a Defendant's ability to determine which claims may be valid and which claims are not. In addition to requiring that a Defendant sift through all these allegations to try to determine which claims may have some merit, the Defendant is forced to incur unnecessary time and expense due to the fact that discovery must be had to determine whether, in fact, the claims may be meritorious. This also affects the ability of the federal court system to function efficiently because if the lawsuit cannot be pared down to its essentials, there is a greater likelihood of trial, and in the event that a case does go to trial, unnecessary time will be spent concerning baseless allegations.

The Plaintiff, while asserted roughly 30 alleged violations of state or federal regulations, fails to support these allegations with any concrete facts. In addition, based on documents that were produced to the Plaintiff by the Defendants, the following allegations are clearly refuted by certain documentation which the Plaintiff had in her possession at the time the Amended Complaint was filed:

1. "Defendant was medically disqualification "[sic]" in violation of 49 CFR §391.41. Edward Thompson was medically cleared prior to the accident that serves as the basis of this lawsuit. (Exhibit 1, Bates #70).

2. "Defendant does not disclose his list of violations" in violation of 49 CFR §391.27. At the time the Plaintiff filed her Amended Complaint, she had documentation

that showed that Edward Thompson disclosed previous violations and authorized Florida Transformer to obtain a copy of his driving record. (Exhibit 1, Bates #75, 79).

3. "Defendant Thompson was disqualified for having three serious traffic violations within three years" in violation of 49 CFR §383.51. The MVR that was run on Edward Thompson by Florida Transformer reveals only two violations, neither of which would prohibit Edward Thompson from driving. (Exhibit 1, Bates #81). This was in the Plaintiff's possession at the time the Amended Complaint was filed.

4. Defendant Florida Transformer failed to insure that Defendant, Thompson, was medically qualified to drive the vehicle he drove on the occasion of the Plaintiff's intestate's death in violation of §391.41 FMCS." As noted above, Edward Thompson was medically qualified to drive and the Plaintiff knew or should have known this when the Amended Complaint was filed. (Exhibit 1, Bates #70-73).

5. Defendant Florida Transformer, failed to obtain the requisite driving history of Defendant, Thompson, before hiring him in violation of §391.27 FMCS. Florida Transformer obtained a driving record on Edward Thompson and the Plaintiff knew or should have known this when the Amended Complaint was filed. (Exhibit 1, Bates #81).

These cited instances are just examples of allegations made by the Plaintiff in the Amended Complaint in spite of having concrete evidence to the contrary. Again, the Defendants deny that any regulations were violated, but if the Plaintiff is allowed to proceed under the Amended Complaint, the Defendants face the difficult task of trying to discern which of the claims the Plaintiff may actually pursue, and which of the claims are thrown in "as camouflage, obscuring the material allegations of the Plaintiff's claims and necessarily implying that all the allegations were material to each claim." *Johnson*

*Enterprises of Jacksonville, Inc.* at 1332.

WHEREFORE, premises considered, Defendants respectfully request that this Court enter an order requiring the Plaintiff to provide specific factual contentions as to why the numerous regulations that have allegedly been violated were, in fact, violated so as to allow these Defendants to file a more appropriate answer.

Respectfully submitted,

/s/ Richard E. Broughton
Richard E. Broughton

/s/ W. Evans Brittain
W. Evans Brittain

Attorneys for Edward Neal Thompson

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on this June 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penick
hlpenick@bham.rr.com   hlpenick@penickandassoc.com

Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821


/s/ W. Evans Brittain
OF COUNSEL