### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **LORI ANN MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.: 3:05-CV-962-T** |
| ) | |
| **EDWARD NEAL THOMPSON, et al.,**) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND
### MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW** the plaintiff and responds to defendants' Second Motion for More Definite Statement as follows:

1. Plaintiff filed this lawsuit on August 31, 2005 in the Circuit Court of Macon County, Alabama. Attached to the copy of each defendant's Complaint was plaintiff's Interrogatories and Requests for Production of Documents. (Exhibit 1).

2. The Complaint, Plaintiff's First Interrogatories and Request for Production were served on defendant, Florida Transformer, Inc., on September 6, 2005. (Exhibit 2).

4. Responses to Plaintiff's First Interrogatories and Requests for Production were due from defendant on October 6, 2005.

5. Defendant, Florida Transformer, Inc., filed its Motion for More Definite Statement in the Circuit Court of Montgomery County on October 5, 2005.

6. On October 31, 2005 defendant filed its Motion for More Definite Statement in this Court.

7. Defendant, Florida Transformer, Inc., filed its Notice of Removal on October 6, 2005.

8. On December 7, 2005, this court granted defendants' Motion for More Definite Statement.

9. Within two days of this Order, on December 9, 2005, plaintiff's counsel sent defense counsel a letter explaining to him:

> "Pursuant to the Federal Rules of Civil Procedure governing removal, and to the local rules, the plaintiff's discovery initiated in the Circuit Court of Macon County is due. Within ten (10) days of receipt of this letter, please provide me with responses to plaintiff's discovery. Plaintiff's discovery was initiated first. I would appreciate receiving her discovery before responding to discovery propounded by Defendants." (Exhibit 3)

10. When defendant failed and otherwise refused to provide the requested discovery, plaintiff's counsel sent him a follow-up letter on March 15, 2006, in which he admonished defendant's counsel:

> I am in receipt of your interrogatories and requests for production served on February 22, 2006. As I have indicated to you earlier, I served interrogatories and requests for production on the defendants prior to any requests served by defendants. For this reason, I am, once again, requesting that you provide answers to plaintiff's discovery within ten (10) days. After I receive the responses from defendants, I will provide responses to defendants' discovery requests.

> If you expect this case to ever move forward, then you should respond to plaintiff's discovery. Otherwise, you are burning valuable discovery time. (Exhibit 4).

11. By these communications, defendant was made aware that it was delaying the progress of the case. Had plaintiff known that defendant's responses were not forthcoming, plaintiff would have objected to both Defendant's Motion for Definite Statement and Motion to Compel Discovery.

12. Defendant, Florida Transformer, did not respond to plaintiff's request discovery until April 5, 2006, and did not supplement responses until June 8, 2006.

13. Concomitantly, defendant was more than six (6) months late with its responses to plaintiff's discovery.

14. Defendant, Edward Thompson, has not responded at all, even though he is represented by same counsel.

15. Defendant is being disingenuous with the court to complain about a five-month delay in getting a more definite statement when it knew that it had been more than 6 months late responding to plaintiff's discovery requests.

16. Rule 8(a)(2) F. R. Civ. P. simply requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."

17. The fact that Defendant's Second Motion for More Definite Statement contains specific responses to plaintiff's allegations, belies defendant's claim that "plaintiff has failed to set forth any factual contentions that support the alleged

allegations..

18.  Plaintiff cites the case of *Johnson Enterprise of Jacksonville, Inc., v. FTL Group, Inc.*, 162 F. 3d 1290, 1333 11th Cir. 1988, for the proposition that general allegations operate[] as camouflage obscuring the material allegations of [the plaintiff's] claims and necessarily imply[] that all the allegations were material to each claim." 162 F. 3d at 1332.  This case is not applicable to the situation at hand.  Defendant is not complaining about shot-gun general pleadings as addressed in *Johnson*.  Instead, it is complaining about the many "specific" violations of the Federal Motor Carriers Safety Administration Regulations, which plaintiff has alleged.

19.  Defendant contends that plaintiff's specific violations are "baseless."  In support thereof, he contends that "Edward Thompson was medically cleared prior to the accident that serves as the basis of the lawsuit."  In support thereof, he submits to the court Defendant's Exhibit 1, (Bates #70), which indicates that on April 28, 2004, Thompson obtained a medical examiners certificate that he was qualified to drive.  Plaintiff's claim is not baseless, since two days before obtaining his certification, "Thompson was declared temporarily disqualified due to diabetes."  (Plaintiff's Exhibit 5, Bates #73).  Thompson's blood sugar reading was 2000!  (Exhibit 6).  Thompson was placed on Glucophag and Glucotrol (Exhibit 7) two well-known drugs containing insulin to combat hyperglycemia.  Since the defendant produced these documents on April 5, 2006, it knew by the time it filed its Second Motion for More Definite Statement what

medical disqualification plaintiff was asserting. Plaintiff referenced 49 CFR §391.41, of which, subsection (b)(3) provides: "A person is physically qualified to drive a commercial motor vehicle if that person has no established medical history or chemical diagnosis of diabetes mellitus currently requiring insulin for control."

20. Defendant further contends that plaintiff's allegation that Thompson did not disclose his list of <u>violations</u>, required by 49 CFR §391.27, was baseless. In support, defendant submitted a statement signed by Edward Neal Thompson that he had no <u>convictions</u> in the past twelve months. (Exhibit 8, Bates #79).

21. Plaintiff referenced §391.27, which requires that, in order to qualify, a driver, the driver must present to the prospective employer a list of <u>violations</u>. Section 391.21 requires the applicant to list all accidents within three years. Thompson did not list an accident he had on June 4, 2004, within three months of employment by Florida Transformer. (Exhibit 9). "The accident was "DOT reportable."

22. Defendant next complained that the driving record of Thompson submitted by defendant (Bates #81) showed that Thompson did not have "three serious traffic violation within three years." Plaintiff cited 49 CFR §383.51. Section 383.5 defines serious traffic violations as excessive speeding (over fifteen miles an hour over the posted speed limit), reckless driving; improper lane change; following too closely; and a traffic violation in connection with a fatal traffic accident. Three serious traffic violations within three years disqualifies the driver for 120 days. Plaintiff contends that Thompson's accident in 2002,

and speeding in 2003 (69 mph in a 45 mph zone) and his accident on June 4, 2004, should have led to a 120 day suspension. If so, Thompson should not have been driving on June 2, 2004.

23. Section 391.21 requires applicants for commercial vehicle drivers positions to list all accidents within three years. Thompson did not do this. Section 391.21 also requires that an applicant seeking) to drive a tractor trailer greater that 26,000 lbs (as in this case) must list all accidents within ten years. Thompson did not do this, also.

24. Next defendant complains that plaintiff should not have included a claim against Florida Transformer for failing to obtain the requisite driving history of defendant Thompson before hiring him in violation §391.27 FMCS. In support of its contention, defendant submitted Thompson's driving record, dated August 18, 2004. Defendant, however, including no identifying document nor affidavit to show that this particular driving record was received by Florida Transformer, Inc., prior to the date of hire. Section 391.27 requires each carrier to obtain a report from each of its drivers with a list of all violations of motor vehicle traffic laws and ordinances during the preceding twelve (12) months. This would include the accident had by Thompson on June 4, 2004, the report of which was not received by Florida Transformer until after the date of hire and after Thompson had the accident sued upon in this action. The report of the accident that Thompson had with his former employer was not sent to Florida Transformer, Inc., until after September 9, 2004. (Exhibit 9).

25. Defendant's Second Motion for More Definite Statement is due to be denied. Justice Thomas, writing for the United States Supreme Court in *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512, 122 S. Ct. 92, 98 (2002), said:

> Furthermore, imposing the Court of Appeals' heightened pleading standard in employment discrimination cases conflict with *Federal Rule of Civil Procedure* 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." This simplified notice pleading standard relies on liberal discovery rules and summary judgement motions to define the fact and issues and to dispose of un-meritorious claims. (Internal citations omitted.)

In *Swierkiewicz*, the Court made it clear that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exception." 584 U.S. at 13. Plaintiff's Amended Complaint satisfies Rule 8(a). Defendant's Motion is due to be denied.

Respectfully submitted,

/s/ Henry L. Penick
Henry L. Penick
Attorney for Plaintiff

**OF COUNSEL**
H. L. Penick & Associates, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL 35201-0967
Telephone: (205) 252-2538
Fax: (205) 251-0231

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served this the 14th day of June, 2006, by placing same in the United States Mail, first-class postage prepaid and properly addressed as follows:

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A
2000 Interstate Park Drive
Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148

                                                _____
                                                /s/ Henry L.Penick