IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } CIVIL ACTION NO.3:05cv962-T |
| | } |
| FLORIDA TRANSFORMER, EDWARD | } |
| NEAL THOMPSON, et al., | } |
| | } |
| Defendants. | } |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION FOR MORE DEFINITE STATEMENT/RENEWED MOTION FOR CONTINUANCE

COME NOW Defendants Edward Thompson and Florida Transformer and submit this Reply to Plaintiff's Response to Defendants' Second Motion for More Definite Statement ("Plaintiff's Response") and hereby renew their Motion for Continuance as follows:

1.  The Defendants received on 6/14/06 at about 7:00 p.m. Plaintiff's Response, which for the first time has now provided more specific allegations as to a few of her claims stated in the Amended Complaint, which would appear to support a more definite statement of those few claims, as was ordered by the Court on 12/7/05, to be filed no later than 12/21/05.

2.  The Plaintiff failed to provide any such information to support a more definite statement of even these few claims in the Amended Complaint or in any of her prior pleadings or discovery responses.

3. It was not until after 7:00 p.m. on 6/14/06 that these Defendants were finally presented, as to these few claims, with sufficient allegations to which they can begin to prepare responsive pleadings, conduct discovery and prepare their defenses for trial.

4. Defendants respectfully request that the Court now grant their Second Motion for More Definite Statement ("Second Motion") and order the Plaintiff to file a Second Amended Complaint with a more definite statement consistent with the information provided in Plaintiff's Response, and either provide sufficient additional information to support a more definite statement as to the remainder of the 30-plus alleged violations, or strike them from any further pleadings.

5. Because the Defendants have now been provided as of 7:00 p.m. on 6/14/06, for the first time, with information needed to prepare their defenses, conduct discovery and prepare for trial, the Defendants respectfully renew their Motion for Continuance of the trial date, currently scheduled for 10/23/06 for a period of at least six months, so that sufficient time can be provided to complete discovery, including expert discovery as to any of the alleged federal violations, and to file additional dispositive motions, as may be necessary to narrow the issues that may be presented at trial, if any. Without this continuance, the Defendants will be unfairly prejudiced in this case by not having sufficient time to conduct discovery, evaluate the need for expert witnesses and have them ready for trial and prepare and file additional dispositive motions, under the current schedule.

6. Plaintiff is correct that Defendant Florida Transformer did not respond to Plaintiff's Initial Discovery (served with the original Complaint in State Court) until April 5, 2006. On advice of counsel, Florida Transformer waited several months before responding to discovery, hoping that Plaintiff would comply with this Court's 12/7/05 Order that it file a more definite statement. It was hoped that a more definite statement would narrow the issues, and narrow the scope of relevant discovery. As the Court knows, Plaintiff's Amended Complaint was not served until after 6/1/06. In the meantime, and in an effort to expedite discovery from Plaintiff, Florida Transformer did fully respond to Plaintiff's discovery.

7. Defendants did not receive executed copies of Plaintiff's discovery responses until 6/13/06, after unexecuted responses were submitted on 6/4/05. Although numerous requests were made previously for scheduling depositions of any of Plaintiff's experts, Plaintiff did not serve expert disclosures until 6/4/05 (after the 6/1/05 deadline provided in the Court's Scheduling Order), and was unable to present any of her experts for a deposition before 6/23/06, the date currently scheduled for the deposition of one of her experts. Her other expert is not available for deposition until sometime in July, 2006.

8. All of the above supports the Defendants' renewed Motion for Continuance.

9. Plaintiff argued in Plaintiff's Response that the Johnson case cited by the Defendants is inapplicable here. To the contrary, the "shotgun pleading" addressed in Johnson is exactly what Plaintiff did in her Amended Complaint. Instead of a more

3

definite statement, she asserted 30 or more allegations of federal regulations violations without any factual support for any.  This necessitated and justified Defendants' Second Motion, which has apparently resulted, finally, in the Plaintiff providing information that may support a more definite statement with respect to a few of the 30-plus claims asserted in the Amended Complaint.  Hopefully, this will culminate in a Second Amended Complaint with a more definite statement, as requested above.

For all of the above reasons, Defendants respectfully request the Court to order as follows:

(1) That the Plaintiff file a Second Amended Complaint with a more definite statement consistent with the information supplied in Plaintiff's Response as to those few respective claims addressed therein and either provide similar information for the remainder of her 30-plus alleged federal regulations violations, or strike them from any further pleadings; and

(2) That this case be continued generally for a minimum of six (6) months so that the Defendants can properly conduct discovery, file appropriate dispositive motions and adequately prepare their defenses for trial.

Respectfully submitted,

/s/ Richard E. Broughton
Richard E. Broughton

/s/ W. Evans Brittain
W. Evans Brittain

Attorneys for Edward Neal Thompson and Florida Transformer

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

 I hereby certify that on this June 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penickhlpenick@bham.rr.com
hlpenick@bham.rr.com
        Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821

        /s/ Richard E. Broughton
        OF COUNSEL

5