**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| LORI ANN MORRIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CIVIL CASE NO. 3:05-CV-962-T |
| ) | |
| FLORIDA TRANSFORMER, ) | |
| EDWARD NEAL THOMPSON, ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

**MOTION FOR QUALIFIED HIPAA**
**PROTECTIVE ORDER**

Comes now the Plaintiff and moves this Court for an Order, pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). As grounds for said Motion, Plaintiff says as follows:

1. The subject case involves a motor vehicle accident in which Defendant, Edward Neal Thompson, and his co-driver, William Tidwell, were operating a tractor-trailer vehicle which caused the death of Plaintiff's intestate, Vernell Brian Morris.

2. Pursuant to the Federal Motor Carrier Safety Regulations (49 C. F. R. Parts 40 and 382), Thompson and Tidwell were was required to submit to post accident testing within two (2) hours.

3. The evidence submitted in this case suggests that neither Thompson nor Tidwell submitted to testing within two (2) hours following the accident.

4. The Federal Motor Carrier Safety Regulations (49 C. F. R. Section 391.41(b)(3)) disqualifies a driver of a commercial motor vehicle if he has an established medical history or

clinical diagnosis of diabetes melitus currently requiring insulin for control.

    5.  Defendant, Thompson, had an established medical history of diabetes, which required insulin medication for control, prior to his employment at Florida Transformer and did not request an exemption under the Federal Motor Carrier Safety Regulations.

    6.  The medical information obtained in this case will be used for litigation purposes and will have limited disclosure for litigation purposes only.

    Respectfully submitted,

/s/ Henry L. Penick
Henry L. Penick
H. L. PENICK & ASSOCIATES, P.C.
319 17th Street North, Suite 200
Birmingham, AL 35203
(205) 252-2538

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above Interrogatories on this the __15th__ day of __June__, 2006, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Richard E. Broughton
W. Evans Brittain
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive - Suite 204
Post Office Box 2148
Montgomery, Alabama 36109-5413

    /s/ Henry L. Penick

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LORI ANN MORRIS,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL CASE NO. 3:05-CV-962-T |
| | ) | |
| **FLORIDA TRANSFORMER,** | ) | |
| **EDWARD NEAL THOMPSON, ET AL.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

### QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of the court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

Any health care provider, health plan, or other entity covered by HIPAA may also provide any and all information relating to the past, present, or future medical condition of William Tidwell.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.  This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. Section 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.  Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.
See 45 C. F. R. Section 163.502(b); 164.512(e)(1)(v).


     DONE and ORDERED this _____ day of _____, 2006.


                                                      _____
                                                      United States District Judge