IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS,           ) | |
|                          ) | |
|     Plaintiff,   ) | |
|                          ) | CIVIL ACTION NO. |
|    v.             ) | 3:05cv962-MHT |
|                          ) | (WO) |
| FLORIDA TRANSFORMER and   ) | |
| EDWARD NEAL THOMPSON,     ) | |
|                          ) | |
|     Defendants.  ) | |

OPINION AND ORDER

This case arises from a fatal car accident between decedent Vernell Morris and defendant Edward Neal Thompson. Plaintiff Lori Ann Morris, administratrix of the estate of Vernell Morris, is suing Thompson and his employer defendant Florida Transformer for wrongful death; negligence; negligent hiring, training, supervision, and retention; and negligent entrustment. This court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

Now before the court is the defendants' motion for a more definite statement pursuant to Rule 12(e) of the

Federal Rules of Civil Procedure.  This provision states in pertinent part that:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

Fed.R.Civ.P. 12(e).  As grounds for the motion, the defendants contend that they are unable to respond to Morris's complaint because it lacks a sufficient factual background for the numerous regulatory violations alleged as elements of the negligence claims.  They request that Morris be ordered to supply a specific factual basis for each alleged regulatory infraction.

A more definite statement is not required in this matter for the reasons detailed below.  It is well established that "[t]he Federal Rules of Civil Procedure require only a short and plain statement of the claim that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal quotations omitted). A plaintiff need not "allege a specific fact to cover every element" of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (internal quotations omitted); see also St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). At a minimum, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Aware Woman Ctr., 253 F.3d at 684

The defendants' motion for a more definite statement is denied because it does not charge that Morris has failed to provide sufficient notice of the claims for which she is seeking relief or of the material elements necessary for these claims. Instead it contends that she has not provided an adequate factual basis for some of the elements of her negligence claims. Under the liberal

3

notice-pleading standard, such enhanced factual details need not be plead in the complaint, when as here, the defendants are able to discern the claims asserted against them.

Accordingly, it is ORDERED that the defendants' motion for a more definite statement (Doc. No. 26) is denied.

DONE, this the 16th day of June, 2006.

                                       /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**