# EXHIBIT 3

3/17/05

# ROBINSON AND ASSOCIATES, L.L.C.
### 233 OAKMONT ROAD
### BIRMINGHAM, ALABAMA 35244-3264
### PHONE 205-408-1692 • FAX 205-408-0874

E-MAIL: elrobinson@charter.net
WEBSITE: www.elrobinson.ws

Dr. Edward A. Robinson III
Attorney at Law
600 North Foster Drive
Baton Rouge, Louisiana 70806

<u>*Re: Vernell B. Morris Case*</u>

Dear Dr. Robinson,

The following is a summary of the activities and results to date in the reconstruction of the September 02, 2004 accident involving Vernel B. Morris, driving a 1998 Kenworth tractor and Edward N. Thompson, driving a 1995 Peterbilt tractor. The accident occurred on Interstate 85 northbound, between Macon County Road 30 and Macon County Road 93, in Macon County, Alabama.

## Reconstruction Activities

During the course of the reconstruction, the following activities were completed.

1) The Alabama Uniform Traffic Accident Report (AUTAR) was carefully reviewed.
2) Photographs taken by the Alabama State Troopers were purchased and reviewed.
3) Alabama Department of Forensic Sciences' Autopsy Report (27AA-04MM00467) for Mr. Vernell Morris was carefully reviewed.
4) The cab of the 1998 Kenworth Tractor was inspected, photographed, and measured. This inspection was performed at Kern's Truck Parts near Atlanta, Georgia. Mr. Donald Glenn of Rimkus Engineering was also present at the time of my inspection.
5) Weather data for the date of the accident was obtained for the Montgomery, Alabama area from Weather Underground.
6) Moon illumination data was obtained from the US Naval Observatory, and from Weather Underground©.
7) Maps of the accident area were obtained from DeLorme Street Atlas 2004 Plus©.
8) Aerial photographs of the accident area were obtained from the US Geological Survey.

9) A forensic map of the accident area was created, and as scale diagram of the area was rendered.

10) Latitude and longitude coordinates for the accident site were obtained with an Entex hand-held global positioning system and verified with a Garmin global positioning system.

11) A link-node map of Macon County, Alabama was obtained from the Alabama Department of Transportation to verify the location of the collision.

**Site Description and Ambience**

Interstate 85 is a divided highway of asphalt construction, with two northbound and two southbound lanes. The lanes are divided by a grassy median. A standard yellow fog line marks the left hand side of the road, and a standard white fog line marks the right edge, separating the travel lanes from the asphalt emergency lane. Each travel lane is approximately 12 feet wide and the emergency lane is approximately 10 feet wide. Travel lanes are separated by a dashed white line.

In the area of the collision, the road is curved to the driver's right and level. This is a large, sweeping right-hand curve with a radius of approximately 7400 feet. In the 550 feet prior to the collision site, the roadway is level to within $1/10^{th}$ of a foot. The opposing lanes are separated by a grassy median approximately 45 feet wide. The lowest point in the median is approximately 4.5 feet below the road surface. In the center of the median is a concrete drainage ditch, measuring approximately 1 foot in width and 4 inches in depth.

At the time of the collision, the road was dry. There is very little ambient light in the area, due to the rural nature of this portion of Macon County. At the time of the collision, the moon was waxing gibbous, with 85% of its visible surface showing. However weather reports indicate that the sky was cloudy at the time of the collision.

## Preliminary Findings

Physical evidence shows that Mr. Morris was wearing his safety belt at the time of the accident, and was belted into the driver seat of the 1998 Kenworth when it was struck by the 1995 Peterbilt tractor.

This determination was made from an examination of the safety belt latch, the driver seat, and the safety belt. Photo #1 depicts the latch mechanism from the seatbelt, which was more probably than not destroyed from the force exerted on the belt due to the collision between the two trucks. The seatbelt latch is on the driver's right, and the vehicle rolled onto the driver's left. This strongly indicates that it is more probable than not, that damage resulted from the collision force between the trucks, rather than simply breaking due to the nearly static stress on the belt when the vehicle rolled.

3

Photo #1



In addition to the latch, the seatbelt itself showed obvious signs of excessive loading, or force being applied to the belt that stretched it. Photo #2 shows the shiny areas where the belt was stretched and rubbed by the latch plate. Moreover, the seatbelt was locked in an extended position, not the rewound position, showing that it was more probably than not being worn at the time of the most severe impact.

Photo #2



Upon inspection of the cab of the 1998 Kenworth, the driver seat was observed to be pushed up (from the floor) and forward toward the steering wheel, that is, deformation was experienced along the negative z axis (upwards, relative to the normal upright position of the truck) and along the positive x-axis (the normal forward direction of travel), and also along the negative y-axis (toward the left, or driver side of the truck). Photo #3 depicts the position of the driver seat when it was inspected, and a Cartesian coordinate system for reference.

Photo #3



CARTESIAN COORDINATES

The position of the seat and the fact that the deformation is most severe in the negative z and positive x directions shows clearly that the deformation is undoubtedly the result of the collision between the two trucks, not the result of the rollover experienced by the Kenworth just prior to the collision. The position of the seat corresponds to the pattern of injury documented by the Alabama Department of Forensic Sciences. According to the Autopsy Report, bruising was located at the anterior chest wall and lower abdominal wall, fractures of ribs #1-5 on the right, and ribs #1-7 on the left. Also noted was a lacerated spleen and bruising to the left arm and shoulder. These injuries are consistent with the belted driver being in the seat when the vehicle collision occurred. It therefore appears more probable than not that Mr. Morris would have been alive until the occurrence of the very severe impact that knocked the cab of the Kenworth tractor off its frame.

Photographs from the Alabama State Troopers show that both vehicle sustained extreme damage during the collision. However due to the lack of ambient light in the area, both vehicles would have more probably than not had their headlights 'on' while traveling on the highway. It is important to note that after experiencing the rollover, it is more probable than not that all or some of the lights on the truck and trailer remained 'on' and would have illuminated an area to the right of the roadway. It should also be noted that the precise location of the 1998 Kenworth (relative to the roadway, after the overturn and before the collision) is not known and cannot be discerned by the gouge marks and furrows visible at the time of our site inspection.

Remarkably absent from both the accident report and the Alabama State Troopers' scene photos are any visible skid marks from the Peterbilt tractor or the trailer it was towing. Upon impact with the trailer of the Kenworth, the Peterbilt pushed the Kenworth in a counter-clockwise arc, moving the cab of the Kenworth over 150 feet east-north-east. The cab of the Kenworth came to rest in the grassy median near the northern speed limit sign. The Peterbilt tractor came to rest across the road, with the drive wheels facing approximately south-south-west, leaving a diesel spill that was visible at the time of the inspection. Prior to this severe impact, the Peterbilt truck

left no visible skid marks, this is more probably than not because the driver did not brake, or because the truck's brakes were adjusted improperly, or the truck's brakes malfunctioned.

This represents the conclusions that we have reached to date in this matter. The opinions are based on the information that we have reviewed at the present time, and we reserve the right to alter them appropriately, should new and relevant information be discovered.

Please call if there is a need for clarification of or elaboration on any of the opinions discussed here.

Best Regards,


Edward L. Robinson, Ph.D.
ACTAR #399


William F. Messerschmidt, MPA
ACTAR #1372