# EXHIBIT 1

# ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT
**FATALITY / INCOMPLETE**

AST-27 REV. 1/91 — Sheet 1 of 4 — COPY

## Location and Time
- Date: 09/02/2004
- Time: 3:25 PM
- Day of Week: Th
- County: 46
- Rural: X
- Highway Classification: M municipal
- On Street, Road or Highway: I-85
- At Intersection of or Between (Node 1): MACON COUNTY ROAD 30
- And (Node 2): MACON COUNTY ROAD 93
- Street or Road Code: I085
- Node Code 1: 7245
- Node Code 2: 7205
- Mile Post: 24.50
- Prime Contr Cross: 27
- Prime Contr Unit No: 1
- First Harmful Event: 77
- Event Location: 3
- Distance to Fixed Object: 17 FT

## Unit 1 — Driver
- Name: VERNELL B MORRIS
- Address: 16633 STEPHANIE STREET, BATON ROUGE LA 70819
- Phone: 225 275-1102
- DOB: 12/03/1960
- Race/Sex: B M
- DL State: LA
- Driver License No: 004380900
- DL Class: A
- DL Status: C
- CDL Status: C
- Residence Less Than 25 Miles: No
- Place of Employment: PANTHER II TRANSPORTATION INC. MEDINA OHIO
- Liability Insurance Co: ZURICH AMERICAN INSURANCE
- SSN: 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 1
- Driver Condition: 1 - Apparently Asleep
- Maneuver: 01
- Travel Road Name: I-85
- Road Code: I085
- Travel Direction: N
- Other Contr Circumstances: 99
- Prime Harm Event: 20
- Event Loc: 1
- Veh Year: 1998
- Make: KW
- Model: N/A
- Body: NA
- VIN: 1XKADU9X2WJ784009
- License Tag Number: PVA 9210
- State: OH
- Year: 2005
- Owner's Name: LAFAYETTE INVESTMENTS INC
- Street: 104 WEST 40 HIGHWAY
- City: BATES CITY
- State: MO
- ZIP: 64011
- Type: 5 - Truck Tractor
- Usage: 3 - Construction Business
- Hazardous Cargo: 1 - None
- Attachment: 3 - Semi Trailer
- Contributing Defect: 97 - None
- Speed Limit: 70 MPH
- Est Speed: 70 MPH
- Citation Offense Charged: NONE
- Damage Severity: 1 - Non Visible / Disabled
- Vehicle Towed Away: Yes
- Occupants in Unit: 1
- Enter Point of Initial Impact: 10
- TOTALED
- Vehicle Towed By Whom: THROWER'S WRECKER LOT
- To Where: THROWER'S WRECKER LOT TUSKEGEE AL

## Unit 2 — Driver
- Name: EDWARD NEAL THOMPSON
- Address: 801 5TH AVENUE, GENEVA AL 36340
- Phone: 334 684-3945
- DOB: 10/30/1962
- Race/Sex: W M
- DL State: AL
- Driver License No: 4657210
- DL Class: AMV
- DL Status: C
- CDL Status: C
- Residence Less Than 25 Miles: No
- Place of Employment: FLORIDA TRANSFORMER, DEFUNIAK SPRINGS FL
- Liability Insurance Co: AIG
- SSN: 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
- Driver Condition: 1 - No Defect / Apparently Asleep
- Sobriety / Alcohol / Drugs: No
- Type Test: No Test
- Test Results: N/A
- Maneuver: 01
- Travel Road Name: I-85
- Road Code: I085
- Travel Direction: N
- Other Contr Circumstances: 97
- Prime Harm Event: 20
- Event Loc: 1
- Veh Year: 1995
- Make: PTRB
- Model: N/A
- Body: NA
- VIN: 1XP5DB9X0SN376286
- License Tag Number: A50 67P
- State: FL
- Year: 2005
- Owner's Name: FLORIDA TRANSFORMER
- Street: PO BOX 507
- City: DEFUNIAK SPRINGS
- State: FL
- ZIP: 32435
- Type: 5 - Truck Tractor
- Usage: 3 - Construction Business
- Hazardous Cargo: 1 - None
- Attachment: 3 - Semi Trailer
- Contributing Defect: 97 - None
- Speed Limit: 70 MPH
- Est Speed: 70 MPH
- Citation Offense Charged: NONE
- Damage Severity: 1 - Non Visible / Disabled
- Vehicle Towed Away: Yes
- Occupants in Unit: 2
- Enter Point of Initial Impact: 1
- TOTALED
- Vehicle Towed By Whom: THROWER'S WRECKER SERVICE
- To Where: THROWER'S WRECKER LOT TUSKEGEE AL

(Code legend for Contributing Circumstances, Driver Maneuver, Pedestrian Action, Event Location appears at bottom of form.)





# ALABAMA
## UNIFORM TRAFFIC ACCIDENT REPORT
### SUPPLEMENTAL SHEET



AST No. 34 Rev. 4/89

SHEET 2 OF 4 SHEET(S)

| # | Name / Taken to | Address / Taken by | Unit No. | Seat Pos. | Injury Type | Age | Sex | Ejection | First Aid By |
|---|---|---|---|---|---|---|---|---|---|
| 3 | WILLIAM TIDWELL / TALLASSEE COMMUNITY HOSPITAL TALLASSEE AL | 1204 PETTY ROAD WESTVILLE FL / CARE AMBULANCE | 2 | 3 | C | 35 | M | N | A |
| 4 | N/A | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |

**DESCRIBE WHAT HAPPENED (Refer to vehicles by number)** UNIT 1 WAS TRAVELING NORTHBOUND ON I-85. UNIT 1 LEFT THE LEFT SIDE OF THE ROADWAY, WENT DOWN AN EMBANKMENT, STRUCK A ROAD SIGN, STRUCK A DRAINAGE DITCH, WENT UP AN EMBANKMENT, CAME DOWN AN EMBANKMENT, STRUCK A DRAINAGE DITCH, WENT UP AN EMBANKMENT, OVERTURNED ON THE DRIVER'S SIDE, CAME BACK ONTO THE ROADWAY BLOCKING BOTH LANES OF NORTHBOUND I-85, AND IS STRUCK BY UNIT 2 TRAVELING NORTHBOUND ON I-85. AT THE TIME OF THE COLLISION DRIVER OF UNIT 2 ADVISED HE WAS UNABLE TO SEE UNIT 1 IN THE ROADWAY. INVESTIGATION REVEALED THAT AT THE TIME OF THE COLLISION DUE TO THE POSITIONING OF UNIT 1 UPON COMING BACK ONTO THE ROADWAY THE BOTTOM OF THE UNDERCARRIAGE WAS THE ONLY PART OF THE VEHICLE THAT COULD HAVE BEEN SEEN BY THE DRIVER OF UNIT 2. UNIT 1 WAS FURTHER TRANSPORTING TITANIUM DIOXIDE IN DRY BULK FORM. THERE WERE 22 PALLETS OF TITANIUM DIOXIDE R101-04 WITH A WEIGHT OF 2000 POUNDS EACH. THE FREIGHT WAS BEING DELIVERED TO THE STANDRIDGE COLOR CORPORATION IN SOCIAL CIRCLE GEORGIA. NONE OF THE MATERIAL WAS SPILLED NOR WERE ANY OF THE PACKAGES RUPTURED OR DAMAGED. THE MATERIAL REQUIRED PROPER HANDLING AND STORAGE DUE TO ITS POTENTIAL TO BECOME HAZARDOUS. ALL HANDLING AND STORAGE WAS DONE BY THROWER'S WRECKER SERVICE.

# Alabama Uniform Traffic Accident Report
## Truck/Bus Supplemental Sheet

Unit No. 2 (same as on main report)

AST-34T 1/94

Sheet 3 of 4 Sheets

COPY

### General Instructions

Complete this form for each qualifying vehicle ONLY if the accident meets BOTH of the following criteria:
1. The accident involved a qualifying vehicle (truck with 6 or more tires or Haz/Mat placard, or a bus designed to carry 16 or more, including driver) and;
2. The accident resulted in at least one of the following: A. one or more fatalities B. one or more persons injured and taken from the scene for immediate medical attention, or C. one or more involved vehicles had to be towed from the scene as a result of disabling damage or had to receive assistance to leave.

### Screening Information

**Number of Qualifying Vehicles:**
- Trucks with 6 or more tires or Haz/Mat placard  __2__
- Buses designed to carry 16 or more (including driver)  ____

**Number of Persons:**
- Sustaining fatal injuries  __1__
- Transported for *immediate* medical treatment  __2__

Number of vehicles towed from scene due to damage or provided assistance  __2__

### Vehicle Information

**Gross Vehicle Weight Rating (GVWR)**
- A. Truck, tractor or bus  17000
- B. Trailer or trailers (total)  55000
- Total GVWR for unit (A+B)  72000

Total number of axles  5

**Hazardous Material Involvement**
- Did vehicle have a Haz/Mat placard ___ Yes  X  No
- If Yes, include following information from placard
  - A. Name or 4-digit number from diamond or box  NA
  - B. The 1-digit number from bottom of diamond  NA
- Was hazardous material released from THIS vehicle's cargo? ___ Yes  X  No

**Vehicle Configuration** (circle one number)
1. Bus   2. Single unit truck (2 axles/ 6 or more tires)   3. Single unit truck (3 or more axles)
4. Truck with trailer   5. Truck tractor only (bobtail)   (6.) Tractor with semi-trailer   7. Tractor with double trailers
8. Tractor with triple trailers   9. Unknown class heavy truck   0. Any other 4-tired vehicle

**Cargo Body Type** (circle one number)
1. Bus   2. Van/enclosed box   3. Cargo tank   (4.) Flatbed   5. Dump
6. Concrete mixer   7. Auto transporter   8. Garbage/refuse   9. Other ____

### Motor Carrier Information

NOTE: If NOT a motor carrier, enter NONE under Carrier Name, 0 for None under Carrier Identification Numbers, and go to Sequence of Events Section

Carrier Name  FLORIDA TRANSFORMER

Source (circle one number)   1. Vehicle side   2. Shipping papers   (3.) Driver   4. Other

Carrier mailing address (Street or P.O. Box)  PO BOX 507

City, State, Zip  DEFUNIAK SPRINGS FLORIDA 32435

Carrier Identification Numbers  ( ____ None = 0)

US DOT  160401   ICC MC ____   STATE NO. ____   STATE ____

### Sequence of Events

Note: for THIS vehicle - list up to four
- Event #1  10
- Event #2  ____
- Event #3  ____
- Event #4  ____

**EVENT CODES**

Non-Collision:
1. Ran off road   2. Jackknife   3. Overturned (rollover)   4. Downhill runaway
5. Cargo loss or shift   6. Explosion or fire   7. Separation of units   8. Other non-collision

Collision With:
9. Pedestrian   10. Non-parked vehicle   11. Parked vehicle   12. Train
13. Pedalcycle   14. Animal   15. Fixed object   16. Other object

Signature of Reporting Officer: *[signed]*
Officer ID: 1109
Reporting Police Agency ORI: ALAST4300
Date: 09-02-2004
Time: 3:25 PM

Unit No. 1
(same as on main report)

# Alabama Uniform Traffic Accident Report
## Truck/Bus Supplemental Sheet

AST-34T
1/94

Sheet ___ of ___

### General Instructions

Complete this form for each qualifying vehicle ONLY if the accident meets BOTH of the following criteria:
1. The accident involved a qualifying vehicle (truck with 6 or more tires or Haz/Mat placard, or a bus designed to carry 16 or more, including driver) and;
2. The accident resulted in at least one of the following: A. one or more fatalities B. one or more persons injured and taken from the scene for immediate medical attention, or C. one or more involved vehicles had to be towed from the scene as a result of disabling damage or had to receive assistance to leave.

### Screening Information

**Number of Qualifying Vehicles.**
Trucks with 6 or more tires or Haz/Mat placard  **2**
Buses designed to carry 16 or more (including driver) ___

**Number of Persons:**
Sustaining fatal injuries  **1**
Transported for *immediate* medical treatment  **2**

Number of vehicles towed from scene due to damage or provided assistance  **2**

### Vehicle Information

**Gross Vehicle Weight Rating (GVWR)**
A. Truck, tractor or bus  **20000**
B. Trailer or trailers (total)  **60000**
Total GVWR for unit (A+B)  **80000**

**Hazardous Material Involvement**
Did vehicle have a Haz/Mat placard ___ Yes  **X** No
If Yes, include following information from placard
A. Name or 4-digit number from diamond or box  **N/A**
B. The 1-digit number from bottom of diamond  **N/A**
Was hazardous material released from THIS vehicle's cargo? ___ Yes  **X** No

Total number of axles  **5**

**Vehicle Configuration**  (circle one number)
1. Bus   2. Single unit truck (2 axles/ 6 or more tires)   3. Single unit truck (3 or more axles)
4. Truck with trailer   5. Truck tractor only (bobtail)   **(6.) Tractor with semi-trailer**   7. Tractor with double trailers
8. Tractor with triple trailers   9. Unknown class heavy truck   0. Any other 4-tired vehicle

**Cargo Body Type**  (circle one number)
1. Bus   **(2.) Van/enclosed box**   3. Cargo tank   4. Flatbed   5. Dump
6. Concrete mixer   7. Auto transporter   8. Garbage/ refuse   9. Other ___

### Motor Carrier Information

NOTE: If NOT a motor carrier, enter NONE under Carrier Name, 0 for None under Carrier Identification Numbers, and go to Sequence Of Events Section

Carrier Name  **PANTHER II TRANSPORTATION INC.**

Source (circle one number)   1. Vehicle side   **(2.) Shipping papers**   3. Driver   4. Other

Carrier mailing address (Street or P.O. Box)  **4015 MEDINA ROAD SUITE 200**

City, State, Zip  **MEDINA OHIO 44256**

Carrier Identification Numbers   (_____ None = 0)

US DOT  **500737**   ICC MC ___   STATE NO. ___   STATE ___

### Sequence of Events

Note: for THIS vehicle - list up to four   Event #1  **1**   Event #2  **5**   Event #3  **3**   Event #4  **10**

**EVENT CODES**

Non-Collision
1. Ran off road   2. Jackknife   3. Overturned (rollover)   4. Downhill runaway
5. Cargo loss or shift   6. Explosion or fire   7. Separation of units   8. Other non-collision

Collision With
9. Pedestrian   10. Non-parked vehicle   11. Parked vehicle   12. Train
13. Pedalcycle   14. Animal   15. Fixed object   16. Other object

Signature of Reporting Officer: *[signed] Alex F. Huntley*

Officer ID: **1109**
Reporting Police Agency ORI: **ALAST4300**
Date: **09-02-2004**
Time: **3:25** PM

# EXHIBIT 2

## *SWORN AFFIDAVIT*

Please know by these presents that on this 23rd day of March in the year 2005 did come and appear before the undersigned Notary Public in and for the County of Shelby in the State of Alabama, one Dr. Edward L, Robinson a physicist and a duly Board Certified accident reconstructionist, 233 Oakmont Road in Birmingham. Alabama 35244-3264, who did declare depose and say the following:

1. That he is a duly credentialed holder of a PhD in Physics from Purdue University received in 1962.

2. The he has received full accreditation as a Traffic Accident Reconstructionist from the Governing Board of Directors of the Accreditation Commission for Traffic Accident Reconstruction and has the Registration and certification number of 399 with the Expiration Date October 29, 2008.

3. That he is a fully accredited member of: National Association of Traffic Accident Reconstructionists and Investigators, The National Association of Professional Accident Reconstruction Specialists, The Society of Accident Reconstructionists, The Southeastern Society of Accident Reconstruction Specialists, The Texas Association of Accident Reconstruction Specialists, (member TAARS Board of Directors 1999-2003), The Institute of Traffic Accident Investigators in the United Kingdom, The Canadian Association of Technical Accident Investigators and Reconstructionists, The Australian and South Pacific Association of Collision Investigators, The American Association of Physics Teachers, The American Physical Society, The Society of Automotive Engineers and The American Society of Mechanical Engineers.

4. That he and his associates performed a detailed accident reconstruction of the accident of September 2, 2004 which involved the 1998 Kenworth tractor trailer driven by Mr. Vernell B. Morris and the 1995 Peterbilt tractor trailer driven by Mr. Edward Neal Thompson which occurred on Interstate Highway 85 northbound between Macon County Road 30 and Macon County Road 93 in Macon County, Alabama.

5. That during the course of the investigation, the accident site was inspected, measured and photographically documented.

6. That he and his associated carefully reviewed the Alabama Uniform Traffic Accident Report and reviewed all of the photographs taken by the Alabama State Troopers and reviewed both the Autopsy and Toxicological Report of the Alabama Department of Forensic Sciences (Report No. 277AA-04MM00467).

7. That the cab of the 1998 Kenworth Tractor, which was driven by Mr. Vernell B. Morris at the time of the accident, was inspected, photographed and measured, and this inspection was performed at Kern's Truck Parts near Atlanta, Georgia in the presence of Mr. Donald Glenn of Rimkus Engineering.

*Sworn Affidavit of Edward L. Robinson, Ph.D.*
*Page 2 of 3*
*March 23, 2005*

8. That he and his associates created a forensic map of the accident area and made a scale diagram of the area of the accident.

9. That he and his associates made findings based upon the detailed examination of the accident, the 1998 Kenworth tractor cab, the Alabama Uniform Traffic Accident Report, site scene photographs and the Alabama Department of Forensic Sciences' Autopsy and Toxicology Report which revealed that physical evidence shows that very much more probably than not Mr. Morris was wearing his safety belt and was alive at the time that his 1998 Kenworth tractor trailer was struck by the 1995 Peterbilt Tractor driven by Mr. Edward N. Thompson and that the damage and total destruction of the latch mechanism of Mr. Morris' seat belt very much more probably than not, was directly caused by the collision between the two trucks and not the rollover of the Kenworth.

10. That the examination of the physical evidence, State Police Report and Photographs and accident site examinations clearly reveals the deformation of the 1998 Kenworth Tractor and its driver's seat was almost certainly (very much more probably than not) caused by the collision between the two trucks and not the rollover event experienced by the 1998 Kenworth prior to the collision impact of the 1995 Peterbilt Tractor Trailer driven by Mr. Edward N. Thompson.

11. That the detailed examination of the physical evidence and the State Police Data by him and his associates reveals that both vehicles would have necessarily had their headlights on while traveling on this highway at night, and it is more probable than not that after experiencing the rollover all or substantially all of the Kenworth truck lights and trailer lights remained on with all the reflectors still functional. The tractor-trailer light reflectors more probably than not gave off some illumination that could have and should have been seen by the Peterbilt tractor trailer driver.

12. That the examination of the accident site and the review of the photographs of the accident scene taken by the Alabama State Patrol show that there is no physical evidence of any visible skid marks from the Peterbilt tractor or the trailer it was towing and the absence of such skid mark evidence shows that it is more probable than not that the Peterbilt driver was traveling at least 70 miles per hour at the moment he collided with the Kenworth tractor and that the Peterbilt driver more probable than not did not apply his brakes and/or that his brakes more probable than not failed to work because they were adjusted improperly or suffered some significant mechanical or design defect.

13. That the opinions and conclusions in this affidavit have been formulated from independent research and testing using standard methodologies accepted and utilized throughout the Vehicle Accident Reconstruction profession and have been applied to this and other similar cases.

14. The conclusions are naturally from the application of widely validated and accepted Vehicle Accident Reconstruction concepts to the facts involved in this case and are stated within a reasonable degree of certainty as an Expert in the field of Vehicle Accident Reconstruction.

STATE OF ALABAMA

COUNTY OF SHELBY

### VERIFICATION

BE IT KNOWN, that on this 23rd day of March, 2005, before me, the undersigned Notary Public, duly commissioned and qualified in and for the County of Shelby and the State of Alabama, therein residing, and in the presence of the undersigned competent witnesses came and appeared:

Edward L. Robinson, Ph.D.

resident of Birmingham, Alabama, and of the full age and majority, who declared and acknowledge that he made the foregoing statement in its entirety and attests to the truth of the matter.

THUS DONE, READ AND PASSED in the County and the State aforesaid, this 23rd day of March, 2005, in the presence of the tow undersigned competent witnesses, who have hereunto signed their names as such on the date, month and year first above written.

Witnesses:

_____    _____
Address  130 Inverness Plz       Edward L. Robinson, Ph.D. (Physics)
         Birmingham, AL 35242    BOARD CERTIFIED VEHICLE ACCIDENT
                                 RECONSTRUCTIONIST (ACTAR #399)

Date of Birth: Sept 14, 1942
Telephone Number: (205) 991-9999                 Accredited

_____
Address 240 Meadowcroft Cr.
Date of Birth: 01-07-71
Telephone Number: 437-0781

_____
Notary Public

My Commission Expires 2/28/09

*Sworn Affidavit of Edward L. Robinson, Ph.D.*
*Page 3 of 3*
*March 23, 2005*

THUS SIGNED this 23rd day of March, 2005.

_____          _____
WITNESS                                Edward L. Robinson, Ph.D. (Physics)
Address 130 Inverness Plz              **BOARD CERTIFIED VEHICLE ACCIDENT**
Birmingham, AL 35242                   **RECONSTRUCTIONIST (ACTAR #399)**

Date of Birth Sept. 14, 1982
Telephone Number (205) 991-9999

_____
WITNESS
Address 240 Meadowcroft Cr.
Date of Birth 01-07-71
Telephone No. 437 0781

SWORN TO AND SUBSCRIBED TO BEFORE ME NOTARY PUBLIC on this 23rd day of March, 2005 in the County of Shelby in the State of Alabama

_____
NOTARY PUBLIC

My Commission Expires 2/28/09

# EXHIBIT 3

Case 3:05-cv-00962-MHT-SRW    Document 37    Filed 06/24/2006    Page 13 of 18

3/17/05

# ROBINSON AND ASSOCIATES, L.L.C.
233 OAKMONT ROAD
BIRMINGHAM, ALABAMA 35244-3264
PHONE 205-408-1692 • FAX 205-408-0874

E-MAIL: elrobinson@charter.net
WEBSITE: www.elrobinson.ws

Dr. Edward A. Robinson III
Attorney at Law
600 North Foster Drive
Baton Rouge, Louisiana 70806

*Re: Vernell B. Morris Case*

Dear Dr. Robinson,

The following is a summary of the activities and results to date in the reconstruction of the September 02, 2004 accident involving Vernel B. Morris, driving a 1998 Kenworth tractor and Edward N. Thompson, driving a 1995 Peterbilt tractor. The accident occurred on Interstate 85 northbound, between Macon County Road 30 and Macon County Road 93, in Macon County, Alabama.

**Reconstruction Activities**

During the course of the reconstruction, the following activities were completed.

1) The Alabama Uniform Traffic Accident Report (AUTAR) was carefully reviewed.
2) Photographs taken by the Alabama State Troopers were purchased and reviewed.
3) Alabama Department of Forensic Sciences' Autopsy Report (27AA-04MM00467) for Mr. Vernell Morris was carefully reviewed.
4) The cab of the 1998 Kenworth Tractor was inspected, photographed, and measured. This inspection was performed at Kern's Truck Parts near Atlanta, Georgia. Mr. Donald Glenn of Rimkus Engineering was also present at the time of my inspection.
5) Weather data for the date of the accident was obtained for the Montgomery, Alabama area from Weather Underground.
6) Moon illumination data was obtained from the US Naval Observatory, and from Weather Underground©.
7) Maps of the accident area were obtained from DeLorme Street Atlas 2004 Plus©.
8) Aerial photographs of the accident area were obtained from the US Geological Survey.

9) A forensic map of the accident area was created, and as scale diagram of the area was rendered.

10) Latitude and longitude coordinates for the accident site were obtained with an Entex hand-held global positioning system and verified with a Garmin global positioning system.

11) A link-node map of Macon County, Alabama was obtained from the Alabama Department of Transportation to verify the location of the collision.

**Site Description and Ambience**

Interstate 85 is a divided highway of asphalt construction, with two northbound and two southbound lanes. The lanes are divided by a grassy median. A standard yellow fog line marks the left hand side of the road, and a standard white fog line marks the right edge, separating the travel lanes from the asphalt emergency lane. Each travel lane is approximately 12 feet wide and the emergency lane is approximately 10 feet wide. Travel lanes are separated by a dashed white line.

In the area of the collision, the road is curved to the driver's right and level. This is a large, sweeping right-hand curve with a radius of approximately 7400 feet. In the 550 feet prior to the collision site, the roadway is level to within $1/10^{th}$ of a foot. The opposing lanes are separated by a grassy median approximately 45 feet wide. The lowest point in the median is approximately 4.5 feet below the road surface. In the center of the median is a concrete drainage ditch, measuring approximately 1 foot in width and 4 inches in depth.

At the time of the collision, the road was dry. There is very little ambient light in the area, due to the rural nature of this portion of Macon County. At the time of the collision, the moon was waxing gibbous, with 85% of its visible surface showing. However weather reports indicate that the sky was cloudy at the time of the collision.

**Preliminary Findings**

Physical evidence shows that Mr. Morris was wearing his safety belt at the time of the accident, and was belted into the driver seat of the 1998 Kenworth when it was struck by the 1995 Peterbilt tractor.

This determination was made from an examination of the safety belt latch, the driver seat, and the safety belt. Photo #1 depicts the latch mechanism from the seatbelt, which was more probably than not destroyed from the force exerted on the belt due to the collision between the two trucks. The seatbelt latch is on the driver's right, and the vehicle rolled onto the driver's left. This strongly indicates that it is more probable than not, that damage resulted from the collision force between the trucks, rather than simply breaking due to the nearly static stress on the belt when the vehicle rolled.

Photo #1



In addition to the latch, the seatbelt itself showed obvious signs of excessive loading, or force being applied to the belt that stretched it. Photo #2 shows the shiny areas where the belt was stretched and rubbed by the latch plate. Moreover, the seatbelt was locked in an extended position, not the rewound position, showing that it was more probably than not being worn at the time of the most severe impact.

Photo #2



Upon inspection of the cab of the 1998 Kenworth, the driver seat was observed to be pushed up (from the floor) and forward toward the steering wheel, that is, deformation was experienced along the negative z axis (upwards, relative to the normal upright position of the truck) and along the positive x-axis (the normal forward direction of travel), and also along the negative y-axis (toward the left, or driver side of the truck). Photo #3 depicts the position of the driver seat when it was inspected, and a Cartesian coordinate system for reference.

4

Photo #3



CARTESIAN COORDINATES

The position of the seat and the fact that the deformation is most severe in the negative z and positive x directions shows clearly that the deformation is undoubtedly the result of the collision between the two trucks, not the result of the rollover experienced by the Kenworth just prior to the collision. The position of the seat corresponds to the pattern of injury documented by the Alabama Department of Forensic Sciences. According to the Autopsy Report, bruising was located at the anterior chest wall and lower abdominal wall, fractures of ribs #1-5 on the right, and ribs #1-7 on the left. Also noted was a lacerated spleen and bruising to the left arm and shoulder. These injuries are consistent with the belted driver being in the seat when the vehicle collision occurred. It therefore appears more probable than not that Mr. Morris would have been alive until the occurrence of the very severe impact that knocked the cab of the Kenworth tractor off its frame.

Photographs from the Alabama State Troopers show that both vehicle sustained extreme damage during the collision. However due to the lack of ambient light in the area, both vehicles would have more probably than not had their headlights 'on' while traveling on the highway. It is important to note that after experiencing the rollover, it is more probable than not that all or some of the lights on the truck and trailer remained 'on' and would have illuminated an area to the right of the roadway. It should also be noted that the precise location of the 1998 Kenworth (relative to the roadway, after the overturn and before the collision) is not known and cannot be discerned by the gouge marks and furrows visible at the time of our site inspection.

Remarkably absent from both the accident report and the Alabama State Troopers' scene photos are any visible skid marks from the Peterbilt tractor or the trailer it was towing. Upon impact with the trailer of the Kenworth, the Peterbilt pushed the Kenworth in a counter-clockwise arc, moving the cab of the Kenworth over 150 feet east-north-east. The cab of the Kenworth came to rest in the grassy median near the northern speed limit sign. The Peterbilt tractor came to rest across the road, with the drive wheels facing approximately south-south-west, leaving a diesel spill that was visible at the time of the inspection. Prior to this severe impact, the Peterbilt truck

left no visible skid marks, this is more probably than not because the driver did not brake, or because the truck's brakes were adjusted improperly, or the truck's brakes malfunctioned.

This represents the conclusions that we have reached to date in this matter. The opinions are based on the information that we have reviewed at the present time, and we reserve the right to alter them appropriately, should new and relevant information be discovered.

Please call if there is a need for clarification of or elaboration on any of the opinions discussed here.

Best Regards,


Edward L. Robinson, Ph.D.
ACTAR #399


William F. Messerschmidt, MPA
ACTAR #1372