# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **LORI ANN MORRIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO.: 3:05-CV-962-T** |
| | ) |
| **EDWARD NEAL THOMPSON, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

**COMES NOW** the plaintiff and responds to Show Cause Order issued on June 16, 2006 as follows:

1. Plaintiff filed this lawsuit on August 31, 2005 in the Circuit Court of Macon County, Alabama. Attached to the copy of each defendant's Complaint was plaintiff's Interrogatories and Requests for Production of Documents. (Exhibit 1).

2. The Complaint, Plaintiff's First Interrogatories and Request for Production were served on defendant, Florida Transformer, Inc., on September 6, 2005. (Doc. no. 1).

4. Responses to Plaintiff's First Interrogatories and Requests for Production were due from defendant on October 6, 2005.

5. Defendant, Florida Transformer, Inc., ("FTI"), filed its Motion for More Definite Statement in the Circuit Court of Montgomery County on October 5, 2005, to get plaintiff to specify what state and federal regulation defendant allegedly violated.

6. On October 31, 2005 defendant filed its Motion for More Definite Statement in this Court.

7. Defendant, Florida Transformer, Inc., filed its Notice of Removal on October 6, 2005.

8. On December 7, 2005, this court granted defendants' Motion for More Definite Statement.

9. Within two days of this Order, on December 9, 2005, plaintiff's counsel sent defense counsel a letter explaining to him:

> "Pursuant to the Federal Rules of Civil Procedure governing removal, and to the local rules, the plaintiff's discovery initiated in the Circuit Court of Macon County is due. Within ten (10) days of receipt of this letter, please provide me with responses to plaintiff's discovery. Plaintiff's discovery was initiated first. I would appreciate receiving her discovery before responding to discovery propounded by Defendants." (Exhibit 2)

10. When defendant failed and otherwise refused to provide the requested discovery, plaintiff's counsel sent him a follow-up letter on March 15, 2006, in which he admonished defendant's counsel:

> I am in receipt of your interrogatories and requests for production served on February 22, 2006. As I have indicated to you earlier, I served interrogatories and requests for production on the defendants prior to any requests served by defendants. For this reason, I am, once again, requesting that you provide answers to plaintiff's discovery within ten (10) days. After I receive the responses from defendants, I will provide responses to defendants' discovery requests.

> If you expect this case to ever move forward, then you should respond to plaintiff's discovery. Otherwise, you are burning valuable discovery time. (Exhibit 3).

11. By these communications, defendant was made aware that it was delaying the progress of the case. Had plaintiff known that defendant's responses were not forthcoming, plaintiff would have objected to both Defendant's Motion for Definite Statement and Motion to Compel Discovery.

12. FTI, did not respond to plaintiff's request discovery until April 5, 2006, and did not supplement responses until June 8, 2006.

13. Concomitantly, defendant was more than six (6) months late with its responses to plaintiff's discovery and eight (8) months late with its supplementation.

14. Defendant filed its motion to compel a more definite statement on May 10, 2006.

15. This Court granted defendant's motion to compel and ordered plaintiff to file his more definite statement on or before June 4, 2006.

16. Plaintiff filed the amended complaint on June 1, 2006. (Doc. no. 20).

17. Once the plaintiff's complied with the motion to compel, defendant sought no sanctions.

18. Plaintiff needed the response to his discovery in order to fashion the amended complaint.

19. Prior to receipt of discovery, plaintiff was unsure of which specific statutes and parts of the Federal Motor Carriers Safety Regulations (the subject of the motion for more definite statement) defendants violated until it received discovery from defendant.

20. The local rules of this Court require the parties to attempt to resolve discovery disputes without Court intervention.

21. Rule 11(b)(3) A. R. Civ. P. prohibited plaintiff from filing an amended complaint specifying what specific statutes and parts of the FMCSR defendant violated without having actual or likely facts of the violations, which plaintiff only obtained from the discovery received from defendant on April 5, 2006 and June 8, 2006.  See *Williams v. Alabama Board of Education,* 206 U.S. App. Lexis 11607 *2 (11th Cir. 2006).

22. Some of the discovery needed to specify what regulations were violated was not received from the defendant until after the due date for the more definite statement.

23. The delay in the receipt of the more definite statement has not stopped the parties from proceeding with discovery.

24. Plaintiff might have exercised an error in judgment to await discovery prior to responding to the motion for more definite statement, which seemed prudent at the time, but did not willfully violate the Orders of the Court.

25. Although this Court has discounted plaintiff's counsel's contact with the Court's law clerk, plaintiff's counsel did have conversations with this Court's law clerk and explained, early on, the dilemma plaintiff's counsel place himself in, by not opposing

the motion for more definite statement, while knowing that defendant's discovery responses were past due.

26. Plaintiff's counsel's error in judgment stems primarily from his hopefulness that defendants would timely produce the requested discovery.

27. Plaintiff's counsel needed the discovery to formulate and compile the more definite statement requested.

28. To sanction plaintiff is to reward defendant for its six (6) and eight (8) months delay in producing requested documents.

29. The necessity of this response arose out of defendants motion to compel. (Doc. no. 16). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of he discovery process. *Gratton v. Great American Communications,* 178 F. 3d 1373, 1374 (11 Cir. 1999), citing *Asztec Steele Co. v. Florida Steele Corp.,* 691 F. 2d 480, 482 (11th Cir. 1982).

30. The inquiry should be on the willful culpability of the party or attorney. "This emphasis on the personal responsibility of the parties-in-interest is reasonable, not only to preserve the rights of truly innocent parties, but also because, where a party is personally involved in malfeasance, the likelihood that alternative sanctions will resolve the misconduct is lower. *Southeast Banking Corp. v. Bassett,* 204 F. 3d 1332, 1334 (11th Cir. 2000).

31. The motion seeking to compel the more definite statement gave no reference that opposing counsel had made a good faith effort to obtain compliance with the Order for <u>more definite statement</u> before filing his motion to compel, as required by Rule 37 (a)(4)(A) and (b)(2). In regard to the more definite statement, plaintiff's "failure was substantially justified or ...other circumstances make [sanctions] unjust. Rule 37(b)(2).

        Respectfully submitted,

        /s/ Henry L. Penick
        Henry L. Penick
        Attorney for Plaintiff

**OF COUNSEL**
H. L. Penick & Associates, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL 35201-0967
Telephone: (205) 252-2538
Fax: (205) 251-0231

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this the 24th day of June, 2006, by placing same in the United States Mail, first-class postage prepaid and properly addressed as follows:

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A
2000 Interstate Park Drive
Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148

        /s/ Henry L.Penick