# EXHIBIT 1

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

LORI ANN MORRIS, )
as Administratrix of the Estate of )
Vernell Brian Morris. )
                                      )
       Plaintiff, )
                                      )  CIVIL ACTION NO.:
vs.                                   )
                                      )
FLORIDA TRANSFORMER, et al. )
                                      )
       Defendants. )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff in the above-styled cause and propounds the following Interrogatories and Requests for Production to the Defendant, Florida Transformer:

1. Copy and attach the entire driving record, personnel and employment file in the defendant's possession to date on the driver involved in this accident, Edward Neal Thompson, and attach a photostatic copy of each and every page of the "driver logs" for fourteen days prior to and inclusive of the date of the accident made the basis of this complaint.

2. Was this defendant correctly identified in the Summons and Complaint filed in this case? If not, state the correct designation of this defendant.

3. Provide the following identifying information for this defendant:

   a) The way in which this defendant operates its business, i.e., corporation, partnership, proprietorship, or other form;
   b) Principal place of business;
   c) State under whose laws this defendant is incorporated or organized;
   d) The kind of business in which this defendant is engaged.

4. Did this defendant own the tractor-trailer truck operated by the driver at the time of the

accident? If not, state the name and address of the owner.

5. Is this defendant a common carrier or contract carrier within the meaning of the regulation of the Interstate Commerce Commission.?

6. Did this defendant, or anyone on its behalf, submit a report of the accident (however designated) to the Department of Transportation, National Transportation Safety Board, Alabama Public Service Commission or any other governmental agency on account of the accident in question? If so, produce and attach a complete copy of the report.

7. State in complete detail how this defendant contends the accident in question occurred.

8. State the names and addresses of all persons who this defendant contends is responsible in any way for the accident in question.

9. State the names and addresses of all persons who may have witnessed, in whole or part, the accident giving rise to this lawsuit.

10. With respect to all persons expected to be called as expert witnesses at the trial of this action, state the following:

    a) Name and address;
    b) Filed in which the witness will be offered as an expert;
    c) A summary of the qualifications of the proposed expert witness;
    d) Attach a copy of the curriculum vitae of each such expert witness;
    e) The substance of the facts of the expert testimony;
    f) The substance of the grounds of each expert opinion;
    g) The complete name of any treatise, article, regulation, standard, rule or other writing upon which the expert will relay in support of this testimony;
    h) Attach a copy of any report or memorandum (however designated) prepared by the expert.

11. Does this defendant contend that the plaintiff contributed in any fashion to cause the accident in question? If so, state fully how you contend he contributed.

12. Did the defendant driver of the tractor-trailer truck in any manner fail to comply with any company rule or regulation on the date of the accident in question? If so, state the substance of each rule or regulation violated.

13. Attach and copy any and all bills of lading from August 1, 2004 through the date of the accident for the truck involved in the accident.

14. Copies of any and all dispatch logs or other documentation of any type whatsoever stating the travel route and destination for the fourteen days prior to and inclusive of the date of the accident made the basis of this complaint for the Florida Transformer truck involved in the accident.

15. Copies of any and all fuel tickets, purchases, control slips, computer printout sheets or any documentation whatsoever showing fuel purchased or any purchases from August 1, 2004 through September 4, 2004, relating to this truck and defendant driver.

16. Copies of any documentation whatsoever which would show the "hub miles" as recorded on the vehicle made the basis of this accident from August 1, 2004, through September 4, 2004.

17. State the name of the driver and his address that was involved in the accident that is made the basis of this complaint and also give the license plate and serial number of the tractor-trailer involved, giving a thorough description of same.

18. Please provide me with legible photographs of the sides and frontal and rear views of the truck involved in the accident.

19. Produce all maintenance records on the truck involved in this accident from August 1, 2003 through September 2, 2004.

20. Produce copies of any statements taken by you, whether written or audio.

Done this the 31st day of August, 2005.

H. L. PENICK & ASSOCIATES, PC.

*Henry L. Penick*
Henry L. Penick
Attorney for Plaintiffs

SERVED WITH COMPLAINT.

*Henry L. Penick*
Of Counsel

# EXHIBIT 2

Case 3:05-cv-00962-MHT-SRW    Document 38-2    Filed 06/24/2006    Page 6 of 9

# H. L. Penick & Associates, P.C.

Henry L. Penick  
Anita Terry Tye  
C.H. Brantley

Attorneys at Law  
Penick Building  
319 - 17th Street, North - Suite 200  
P.O. Box 967  
Birmingham, Alabama 35201  
Website: www.penickandassoc.com

Phone (205) 252-2538  
Fax (205) 251-0231

December 9, 2005

W. Evans Brittain  
Ball, Ball, Matthews & Novak, P.A.  
2000 Interstate Park Drive, Suite 204  
P.O. Box 2148  
Montgomery, AL   36102-2148

RE: **Lori Ann Morris v. Edward Neal Thompson and Florida Transformer, Civil Action No.: 3:05-CV-962-T, Middle District of Alabama**

Dear Mr. Brittain:

Earlier this week, I received an Order from Judge Thompson requiring me to respond to certain discovery propounded by Defendants. Pursuant the Federal Rules of Civil Procedure governing removal, and to the local rules, the Plaintiff's discovery initiated in the Circuit Court of Macon County is due. Within ten (10) days of receipt of this letter, please provide me with the responses to Plaintiff's discovery. Plaintiff's discovery was initiated first. I would appreciate receiving said discovery before responding to the discovery propounded by Defendants.

If responses to interrogatories and request for production are not received within ten (10) days, I will be required to file a Motion to Compel.

If you have any questions regarding this matter, please call.

Very truly yours,

*Henry L. Penick*

Henry L. Penick

HLP/dl

# EXHIBIT 3

# H. L. Penick & Associaties, P. C.

Henry L. Penick
Anita Terry Tye

Attorneys at Law
Penick Building
319 - 17th Street, North - Suite 200
P. O. Box 967
Birmingham, Alabama 35201
Website: www.penickandassoc.com

Phone (205) 252-2538
Fax (205) 251-0231

March 15, 2006

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204
P.O. Box 2148
Montgomery, AL 36102-2148

RE:   **Lori Ann Morris v. Edward Neal Thompson and Florida Transformer**
       **Civil Action No.: 3:05-CV-962-T**

Dear Mr. Brittain:

I am in receipt of your interrogatories and requests for production served on February 22, 2006. As I have indicated to you earlier, I served interrogatories and requests for production on the defendants prior to any requests served by defendants. For this reason, I am, once again, requesting that you provide answers to plaintiff's discovery within ten (10) days. After I receive the responses from defendants, I will provide responses to defendants' discovery requests.

If you expect this case to ever move forward, then you should respond to plaintiff's discovery. Otherwise, you are burning valuable discovery time. If you have any questions in the meantime, please call.

Very truly yours,

Henry L. Penick

HLP/pt

cc: Dr. Edward A. Robinson, III