**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORI ANN MORRIS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL CASE NO. 3:05-CV-962-T** |
| | ) | |
| **FLORIDA TRANSFORMER,** | ) | |
| **EDWARD NEAL THOMPSON, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**SECOND MOTION FOR QUALIFIED HIPAA**
**PROTECTIVE ORDER**

Comes now the Plaintiff and moves this Court for an Order, pursuant to the Health

Insurance Portability and Accountability Act ("HIPAA").  As grounds for said Motion, Plaintiff

says as follows:

1.  The subject case involves a motor vehicle accident in which Defendant, Edward Neal

Thompson, was operating a tractor-trailer vehicle which caused the death of Plaintiff's intestate,

Vernell Brian Morris.

2.  Pursuant to the Federal Motor Carrier Safety Regulations (49 C. F. R. Parts 40 and

382), Thompson was required to submit to post accident testing within two (2) hours.

3.  The evidence submitted in this case suggests that neither Thompson submitted to

testing within two (2) hours following the accident.

4.  The Federal Motor Carrier Safety Regulations (49 C. F. R. Section 391.41(b)(3))

disqualifies a driver of a commercial motor vehicle if he has an established medical history or

clinical diagnosis of diabetes melitus currently requiring insulin for control.

5.  Defendant, Thompson, had an established medical history of diabetes, which required insulin medication for control, prior to his employment at Florida Transformer and did not request an exemption under the Federal Motor Carrier Safety Regulations.

6.  The medical information obtained in this case will be used for litigation purposes and will have limited disclosure for litigation purposes only.

Respectfully submitted,


/s/ Henry L. Penick
Henry L. Penick
H. L. PENICK & ASSOCIATES, P.C.
319 17th Street North, Suite 200
Birmingham, AL 35203
(205) 252-2538


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above Interrogatories on this the   15th   day of   June  , 2006, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Richard E. Broughton
W. Evans Brittain
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive - Suite 204
Post Office Box 2148
Montgomery, Alabama 36109-5413

/s/ Henry L. Penick

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORI ANN MORRIS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL CASE NO. 3:05-CV-962-T** |
| | ) | |
| **FLORIDA TRANSFORMER,** | ) | |
| **EDWARD NEAL THOMPSON, ET AL.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**QUALIFIED HIPAA PROTECTIVE ORDER**

The parties are hereby granted the right, upon compliance with the

applicable discovery provisions of the Federal Rules of Civil Procedure and the

orders of the court, to obtain from any health care provider, health plan, or other

entity covered by the Health Insurance Portability and Accountability Act of 1996,

Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information

relating to the past, present, or future medical condition of any individual who is a

party to this action (or the decedent or ward of a party who sues in a representative

capacity), as well as any and all information relating to the provision of health care

to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena

requesting the production of documents or commanding attendance at deposition

or trial to disclose the Protected Health Information in response to such request or

subpoena.  This order is intended to authorize such disclosures under the privacy

regulations issued pursuant to HIPAA. 45 C.F.R. Section 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected

health information obtained pursuant to this order for any purpose other than this

action.  Further, the parties are ordered to either return to the covered entity from

whom or which such protected health information was obtained, or to destroy the

protected health information (including all copies made), immediately upon

conclusion of this action.

See 45 C. F. R. Section 163.502(b); 164.512(e)(1)(v).


DONE and ORDERED this _____day of _____, 2006.


_____
United States District Judge