IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No. 3:05-CV-962-T |
| EDWARD NEAL THOMPSON and FLORIDA TRANSFORMER, | ] |
| Defendants. | ] |

ANSWER OF DEFENDANTS
FLORIDA TRANSFORMER, INC. AND EDWARD NEAL THOMPSON

COMES NOW the Defendant Florida Transformer, Inc., ("FTI"), identified in the Complaint as Florida Transformer and Edward Neal Thompson, and for answer to the Complaint filed against it, states as follows:

First Defense

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. The Defendant, Edward Neal Thompson, is over the age of 19 years. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

1

EXHIBIT "A"

4.     Defendants admit that on September 2, 2004, Vernell Brian Morris was operating a tractor/trailer in the northbound lane of I-85. Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5.     Defendants admit that on September 2, 2004, Defendant Thompson was operating a tractor/trailer, which was owned by Defendant Florida Transformer. Defendant admits that on September 2, 2004, Defendant was driving north on I-85. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

6.     Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

7.     Defendants admit that Thompson was acting within the line and scope of his employment with Defendant Florida Transformer at the time of the accident that serves as the basis of this lawsuit. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8.     Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9.     Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.     Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint, including all subpart thereto, and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16. Defendants re-aver as set forth fully herein each of their responses to paragraphs 1-15 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.   Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22.   Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

23.   Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24.   Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25.   Defendants re-aver as set forth fully herein each of their responses to paragraphs 1-24 of Plaintiff's Complaint.

26.   Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint, including all subpart thereto, and demand strict proof thereof.

27.   Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28.   Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29.   Defendants re-aver as set forth fully herein each of their responses to paragraphs 1-28 of Plaintiff's Complaint.

30.   Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34. Defendants re-aver as set forth fully herein each of their responses to paragraphs 1-33 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint and demand strict proof thereof.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint and demand strict proof thereof.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint and demand strict proof thereof.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint and demand strict proof thereof.

### Second Defense

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### Third Defense

Vernell Brian Morris' injuries were the proximate result of his own negligence or assumption of the risk.

### Fourth Defense

In the alternative, Defendant Edward Neal Thompson was faced with a sudden emergency, and all his actions and conduct were reasonable and appropriate under the circumstances of this sudden emergency.

### Fifth Defense

To the extent that the evidence revealed through the discovery process supports this defense, this Defendant alleges that Vernell Brian Morris' injuries and damages were the proximate result of a defect or mechanical malfunction of the vehicle operated by him.

### Sixth Defense

This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

### Seventh Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

### Eighth Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

### Ninth Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

### Tenth Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### Eleventh Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in

7

nature and consequently, Defendant is entitled to the same procedural safeguards accorded to a criminal defendant.

### Twelfth Defense

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### Thirteenth Defense

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### Fourteenth Defense

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

8

c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### Fifteenth Defense

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

9

b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

### Sixteenth Defense

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Seventeenth Defense

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### Eighteenth Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Section 6-11-27, Code of Alabama 1975.

### Nineteenth Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Sections 6-11-20 and -21, Code of Alabama 1975.

### Twentieth Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforceability of punitive damages awards articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1995).

### Twenty-First Defense

To the extent that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, permits the recovery of punitive damages upon a standard of proof which is less than the clear and convincing standard of proof, said statutory provision violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6, and 22 of the Alabama Constitution.

### Twenty-Second Defense

This Defendant alleges affirmatively that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, violates the due process clause of the

11

Fourteenth Amendment to the United States Constitution, and further violates this Defendant's entitlement to equal protection of the law as required by the Constitution of the United States, and that said statutory section permits the recovery of punitive damages upon a showing or under a burden of proof which is less than the clear and convincing standard otherwise required by Alabama law, pursuant to Alabama Code § 6-11-20 for the recovery of punitive damages.

### Twenty-Third Defense

Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), requires that the damages awarded in a death case be "such damages as the jury may assess." Accordingly, the damages to be awarded in a wrongful death case are not necessarily punitive in nature.

### Twenty-Fourth Defense

That the determination and assessment of damages under Alabama's Wrongful death Act, Alabama Code §6-5-410 (1975), can be read neither in *pari delicto*, nor in *pari material*, thereby creating an unreasonable classification denying to this Defendant equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States, and under the provisions of the Constitution of Alabama, as well as depriving this Defendant of property without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States, and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons:

1. They allow for an award of punitive damages for simple negligence, whereas conscious or deliberate oppression, fraud, wantonness, or malice is required for an award of punitive damages in non-wrongful death actions;

2. They do not allow for compensatory damages, confining plaintiffs in wrongful death actions to punitive damages alone; and

3. The standard of proof required for punitive damages under these statutes is inconsistent with the clear and convincing evidence standard of proof required for an award of punitive damages in non-wrongful death cases.

### Twenty-Fifth Defense

To the extent that Alabama Code § 6-11-20 (1975), as interpreted and applied, permits the recovery of punitive damages in a wrongful death action based upon a showing or under a burden of proof that is less than the clear and convincing standard, said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### Twenty-Sixth Defense

To the extent that Alabama Code §§ 6-11-20 (1975) and 6-11-21 (Supp. 1999) exclude or attempt to exclude wrongful death claims from their coverage, said statutory provisions violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### Twenty-Seventh Defense

To the extent that Alabama Code § 6-11-29 (1975) excludes or attempts to exclude wrongful death claims from the heightened evidentiary standard of Alabama Code § 6-11-27 (1975), said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection

13

clauses of the <u>Alabama Constitution.</u>

### Twenty-Eighth Defense

In the event evidence is disclosed through the discovery process that the Plaintiff is not the proper party to bring this lawsuit on behalf of Vernell Brian Morris, or his estate, then this Defendant avers that this Plaintiff does not have standing to prosecute this lawsuit.

### Twenty-Ninth Defense

This Defendant reserves the right to amend this Answer to add additional defenses supported by the evidence revealed through discovery.

Respectfully submitted,

/s/ Richard E. Broughton
Richard E. Broughton

/s/ W. Evans Brittain
W. Evans Brittain

Attorneys for Edward Neal Thompson and Florida Transformer

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this June 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penick hlpenick@bham.rr.com
hlpenick@penickandassoc.com

Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821

/s/ W. Evans Brittain
OF COUNSEL