IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LORI ANN MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 3:05-CV-962-T |
| ) | |
| **EDWARD NEAL THOMPSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR LEAVE TO FILE AMENDED
MOTION FOR SUMMARY JUDGMENT**

Comes now the Plaintiff and responds to Defendants Motion for Leave to File Amended Motion for Summary Judgement and Defendants Reply to Plaintiff's Response as follows:

1.  Pursuant to the Uniform Scheduling Order Defendants were due to file their Motion for Summary Judgment by June 4, 2006.  Defendants filed their Motion for Summary Judgment on June 7, 2006.

2.  Plaintiff filed her response on June 24, 2006.

3.  Plaintiff was given seventeen (17) days to respond to Defendants Motion for Summary Judgment.

4.  Defendants now seek to reply to Plaintiff's Response, some fifty-four (54) days following Plaintiff's response.  It would be unfair and prejudicial to Plaintiff to allow Defendants two and a half times more time to reply to Plaintiff's Response than the court

gave Plaintiff to respond to Defendants' original Motion for Summary Judgment.

 5. Plaintiff would be prejudiced by allowing Defendants to amend its Motion for Summary Judgment after Plaintiff has filed her Response.

 6. Allowing Defendants to amend their Motion for Summary Judgment would require allowing Plaintiff to respond yet again.

 7. Defendants contends that its motion for summary judgment was incomplete due to the lack of significant discovery conducted prior to the filing of the motion for summary judgment.  The delay in discovery was caused by Defendants.  Plaintiff wrote the Defendants on two (2) occasions that its dilatoriousness in responding to Plaintiff's discovery was delaying the case and "burning up valuable discovery time." (Exhibits 1 and 2).  Despite Plaintiff's admonition, Defendants did not respond to Plaintiff's Interrogatories and Requests for Production until more than six (6) months past the due date.

 8. Defendants knew of all witnesses as early as May 22, 2006.

 9. To allow Defendants to amend its Motion for Summary Judgment and to file a reply, at this late date, would reward Defendants for its own dilatoriousness.

 10. To allow the filing of an Amended Motion for Summary Judgment and reply would prejudice Plaintiff in her trial preparation by consuming more time.

          Respectfully submitted,

          /s/ Henry L. Penick
          Henry L. Penick
          Attorney for Plaintiff

**OF COUNSEL**
H. L. Penick & Associates, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL 35201-0967
Telephone: (205) 252-2538
Fax: (205) 251-0231

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this the 17th day of August, 2006, by placing same in the United States Mail, first-class postage prepaid and properly addressed as follows:

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A
2000 Interstate Park Drive
Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148

/s/ Henry L.Penick