IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF  ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } CIVIL ACTION NO. |
| | }   3:05cv962-MHT |
| | } |
| FLORIDA TRANSFORMER, EDWARD | } |
| NEAL THOMPSON, et al., | } |
| | } |
| Defendants. | } |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on September 6, 2006, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

   **COUNSEL APPEARING AT PRETRIAL HEARING:**

   a. **PLAINTIFF:**  Lori Ann Morris

      **COUNSEL:**      Henry L. Penick

   b. **DEFENDANTS:**  Edward Neal Thompson
                       Florida Transformer, Inc.

      **COUNSEL :**    Richard E. Broughton, W. Evans
                       Brittain

2.   <u>JURISDICTION AND VENUE</u>:  Jurisdiction and venue are proper pursuant to 28 USC §§ 1331 and 1391.

3.   <u>PLEADINGS</u>:    The   following   pleadings   and amendments were allowed:

   a.   Plaintiff's Complaint
   b.   Plaintiff's Amended Complaint
   c.   Answer of Defendants, Florida Transformer, Inc. and Edward Neal Thompson

4.   <u>CONTENTIONS OF THE PARTIES</u>:

   (1) The Plaintiff(s):

   The Plaintiff is the personal representative of her intestate husband, Vernell Brian Morris ("Morris") and brings this action under the Alabama Wrongful Death Act, Section 6-5-410, Code of Alabama (1975).  On September 2, 2004, Morris, in his role as a driver for Panther II Transportation, Inc., was driving north on Interstate 85 near Shorter Alabama when his tractor-trailer rig left the road into the median and rolled over as it came back onto the road.  The undercarriage of Morris' tractor trailer was facing oncoming traffic, although not squarely.  Morris survived the roll-over.

   After his tractor-trailer had come to rest, the tractor portion of the vehicle was struck by the tractor-trailer operated by Defendant, Edward Neal Thompson ("Thompson").  Prior to colliding with Morris' tractor trailer rig, Thompson failed to apply his brakes in sufficient time to stop his vehicle or to maneuver around the vehicle occupied by Morris.  Thompson left no

2

skid marks.  Thompson had the last clear chance to avoid the collision with Morris.

Plaintiff contends that Thompson, while working in the line and scope of his employment with Defendant, Florida Transformer, negligently and/or wantonly allowed the tractor-trailer driven by him to collide with the tractor-trailer occupied by Plaintiff's intestate Vernell Morris.  Thompson proximately caused the death of Morris in the collision.

Plaintiff contends that Thompson failed to maintain proper control of his tractor-trailer, failed to maintain proper look-out and/or was inattentive.  Thompson negligently failed to maintain proper speed that was reasonable and prudent under the conditions of the highway and having due regard to the actual and potential hazard then existing on the roadway.  Thompson was out running his headlights.  In doing so, Thompson violated Section 32-5A-170 Code of Alabama (1975).  Thompson should have seen the lights and reflectors of Morris' vehicle in time to avoid the collision.

Plaintiff contends that Thompson violated several provisions of the Federal Motor Carrier Safety Improvement Act of 1999 and the Federal Motor Carrier Safety Regulations ("FMCSR")

   A.  Thompson was unqualified to drive and had not passed a driver's test with Defendant, Florida Transformer, Inc.;

   B.  Thompson was medically disqualified to drive (49 C.F.R. Section 391.41);

C.   He did not disclose to Florida
Transformer his list of traffic
violations as required by 49 C.F.R.
Section 391.21;

D. He was disqualified for having three
serious traffic violations within three
years (49 C.F.R. Sections 383.51 and
391.27);

E.   He did not have a Certificate of
Completion of Road Test (49 C.F.R. Section
391.31);

F.   He failed to submit to a post-
accident testing within two hours (as
required by 49 C.F.R. Sections 40 and
382);

 G.   He violated the hours of service
rules (49 C.F.R. Section 395.1(b) and
395.2);

 H.   He failed to provide Florida
Transformer with a properly completed
driver's log (49 C.F.R. Section 395.2);

 I.   He operated a vehicle forbidden
from operation for lack of repairs and
maintenance (49 C.F.R. Section 396.7).

Plaintiff contends that Defendant, Florida
Transformer, negligently hired, supervised and
retained Thompson.  It failed to insure that
Thompson was a qualified driver (49 C.F.R.
Section 383 and 391); It failed to insure that
Thompson was medically qualified to drive
(Section 391.41); It failed to insure that

4

Thompson fully disclosed his list of violations (Section 392.27); It failed to obtain the requisite driving history of Thompson (Section 391.27); It failed to insure that Thompson had successfully completed a driver's test (Section 391.31); It failed to certify that Thompson was in possession of a certificate of completion of road test (Section 391.31); It failed to disqualify Thompson from driving after determining that Thompson had engaged in three serious traffic violations within three years (Section 383.51); It failed to ascertain that Thompson was in possession of a medical examiner's certificate allowing him to drive (Section 391. 64); It failed to insure that Thompson submitted to a post-accident drug and alcohol test within two hours (Section 382); It failed to ascertain that Thompson provided a proper driver's log (Section 395.2); and it failed to insure that Thompson did not violate the hours of service rules (Section 395).

Florida Transformer failed to inspect, repair and maintain a road worthy vehicle before putting it into service. (Section 396); It also negligently entrusted a vehicle to Thompson, while knowing that he was an unqualified driver (in violations of Sections 391 and 383).

Plaintiff contends that Defendants' aforementioned acts of negligence, wantonness and/or violations of statute(s) proximately caused the death of Morris. Plaintiff seeks punitive damages from Defendants, Thompson and Florida Transformer, Inc., consistent with Alabama's Wrongful Death Act.

(2) The Defendant(s):

The Defendants agree that an accident occurred at approximately 3:25 a.m. on 9/2/04 involving a truck driven by Defendant Edward Neal Thompson, and a truck driven by Plaintiff's decedent, Vernell Brian Morris.  There were actually two accidents.  The first accident occurred when the truck driven by Morris ran off the left side of the northbound lanes of I-85, went down into the median, and then, while trying to come out of the median back onto I-85, overturned on the driver's side blocking both northbound lanes of I-85 and part of the right side emergency lane, with only the dark colored bottom of the undercarriage of the tractor and trailer facing oncoming traffic.  The second accident occurred when Thompson approached in the right northbound lane of I-85 and the front of his truck collided with the underside of Morris' truck because Thompson was unable to see Morris' truck in time to avoid the collision.  Thompson's truck was <u>not</u> involved in the first accident, wherein Morris lost control of his vehicle and rolled it over blocking both northbound lanes of I-85 and part of the right side emergency lane.

Defendants contend that the sole cause of both of these accidents was Morris' negligence in losing control of his vehicle causing it to leave I-85 and go down into the median and/or in attempting to re-enter I-85 at the speed and at the angle which caused it to overturn and block both I-85 northbound lanes and part of the emergency lane, and that this negligence on the part of Morris was either the sole proximate cause of this accident, or in the alternative, was contributory negligence.

Alternatively, Defendants contend that Defendant Thompson was not guilty of either negligence, subsequent negligence, last clear chance or wantonness in failing to avoid the second accident, because he was faced with a sudden emergency and did not have sufficient time or distance to perceive, react, and avoid this second accident. To the contrary, Thompson's conduct was reasonable under the circumstances presented to him, and from his perspective, the accident was unavoidable.

Defendants agree that Defendant Thompson was acting within the line and scope of his employment with Defendant FTI at the time of this accident. However, the Defendants deny that there is any vicarious liability on the part of Defendant FTI for all of the same reasons as noted above, that Defendant Thompson was not guilty of any negligence or wantonness that proximately caused the second accident.

Defendants further contend that FTI was not guilty of any negligent/wanton maintenance of the truck driven by Defendant Thompson at the time of this accident. The Defendants contend that the truck was properly maintained, that there was no defect in the truck, and alternatively, that there was no deficiency in any of the inspections or maintenance of the truck that proximately caused or contributed to causing the second accident as noted above.

Defendants contend that Defendant FTI was not guilty of any negligent/wanton hiring, supervision, or retention of Defendant Thompson, or any negligent/wanton entrustment of the truck to Defendant Thompson at the time of this

7

accident. With respect to the negligent entrustment, hiring, training, supervision, retention allegations, the Defendants contend that Thompson was a competent driver. In the alternative, the Defendants contend that any alleged incompetency of Thompson or any deficiencies, if any, in the entrustment, hiring, training, supervision and retention of Thompson did not proximately cause or contribute to causing the second accident as noted above. In the alternative, the Defendants contend that no such alleged incompetency, if any in fact existed, had in any way manifested itself to FTI prior to the time of the second accident as noted above.

Defendants further contend that neither Thompson nor FTI were guilty of any violations of any state or federal laws or regulations, including any of the alleged Federal Motor Carrier Safety Regulations ("FMCSR's"), or Alabama Rules of the Road, and in the alternative, that any technical violations, if any, did not proximately cause or contribute to causing the second accident as noted above.

Defendants contend that no conduct on the part of Defendants Thompson or FTI in any way constituted wantonness with respect to any claims alleged against them by the Plaintiffs.

The damages in this lawsuit are claimed pursuant to Alabama's Wrongful Death Statute, and all arise out of Plaintiff's allegation that Morris' death was the proximate result of the second accident as noted above. The Defendants contend that there is no evidence to establish which of the two accidents caused Morris' fatal injuries,

and there is no evidence to prove that the
damages alleged in this case were the proximate
result of any alleged negligence/wantonness on
the part of Defendants Thompson or FTI.

Defendants also incorporate by reference herein,
all of their contentions and defenses to the
award of punitive damages in this case,
including their challenges to the
constitutionality of the award of punitive
damages generally, and under Alabama's Wrongful
Death Act, as stated in the <u>Answer of Defendants</u>
<u>Florida Transformer, Inc. and Edward Neal</u>
<u>Thompson</u>, the Sixth Defense – Twenty-Seventh
Defense.

5.  <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>: The
parties stipulate that the Plaintiff, Lori Ann
Morris is the personal representative of Vernell
Brian Morris, deceased.  The parties stipulate
and agree that the automobile accident which
serves as the basis of this lawsuit occurred on
September 2, 2004 at approximately 3:25 a.m.
The accident occurred on Interstate 85
northbound in Macon County, Alabama.

The parties agree that at the time of the
accident, Defendant Thompson was acting within
the line and scope of his employment with
Defendant FTI.

The parties also stipulate and agree that at the
time of the second accident between the truck
driven by Defendant Thompson, and the truck
driven by Plaintiff's decedent, Morris' truck
had already been down through the median, and
was in fact already overturned on its driver's
side with the undercarriage of both the tractor

9

and trailer facing oncoming traffic, although not squarely, prior to the impact by Thompson's truck.

It is ORDERED that:

    (1) The jury selection and trial of this cause, which is to last three (3) days, are set for October 23, 2006, at 10:00 a.m., at the federal courthouse in Opelika, Alabama;

    (2) The parties are to file their pre-trial briefs by no later than October 18, 2006;

    (3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

    (4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 14th day of September, 2006.


　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE