IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS, ADMINISTRATRIX, )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>EDWARD NEAL THOMPSON, et al., )<br>)<br>DEFENDANTS. ) | CIVIL ACTION NO.: 3:05-CV-962-T |

## MOTION TO RECONSIDER

Comes now the Plaintiff and move this Court to Reconsider its Order dated October 5, 2006, granting Summary Judgment to Defendants.

1. That the decision is contrary to law and facts.

2. Plaintiff's expert, Edward L. Robinson, provided sufficient evidence from which a jury could infer that the collision, rather than the rollover caused the death of Vernell Morris.

3. It was error for the court to exclude the testimony of Edward L. Robinson on the issue of causation.

4. The court overreached in its role as "gatekeeper" under *Daubert*. Robinson, who held a Doctrate Degree in Physics and was a Board Certified Accident Reconstructionist, he possessed sufficient knowledge, training or education to testify regarding the causation of the accident and the causation of the injury.

5. Robinson possessed "adequate experience in determining the causes of injury

from rollovers. The court's conclusion that "there is no evidence of the nature and types of accidents Robinson has investigated in the past and, specifically, of what he learned, through his experience, about the various and differing causes of death in accidents similar to one in which the decedent died," (Opinion, p. 15) is not supported by the evidence. Robinson's opinion that the collision caused the "very serious injuries" (i.e.,death), was based on Robinson's "experience looking at other vehicle wrecks over the last 40 years as to what kind of forces won't cause what kind of injuries." (Robinson Depo., p. 88).

  6. The court's reliance on labels is misplaced. The fact that Robinson, an Accident Reconstructionist, did not "hold [him]self out as a expert" in cause of death, does not negate his qualifications and experience to render opinions about different injuries sustained in collisions, verses rollovers.

  7. The court's conclusion that Robinson's reliance on the autopsy report, respecting injuries, was "insufficient to allow Robinson to opine what caused the decedent's fatal injuries- that is, whether it was the initial rollover of the decedent's truck or Thompson's collision with the decedent's disabled truck," goes beyond the court's "gatekeeping" responsibility, is contrary to *Daubert* and Rule 702, and violates Rule 56's prohibition against weighing evidence.

  8. The court's conclusion that Robinson did not use "reliable principles and methods," is contrary to the record. Defendants have not questioned nor attacked Robinson's methodology of analyzing force on the body of Morris from the truck

collision. The court does not articulate what part of Robinson's methodology is unreliable.

 9. Defendants' recognition that death can occur from a rollover accident and Robinson's recognition that fatalities can occur from rollover accidents, do not negate Robinson's testimony that "based on his experience with rollover accidents, he has never seen injuries as severe as those sustained by the decedent," from a rollover. (Opinion, p. 17).

 Nor does it negate his testimony that:

> Q. Well, you're not ruling out the fact that Mr. Morris could have been fatally injured during the rollover in this case?
>
> A. In my own mind, yes. Because the nature of the injuries is not such that would be on the left side of his body. I mean, he would have bilateral injuries. And that's not going to happen when he– from that rollover.

 10. Since Defendants have not challenged Robinson's methodology, the court abused its discretion in determining that "Plaintiff could not meet Rule 702's requirement that Robinson applied the principles and methods reliably to the facts of the case." (Opinion, p. 19).

 11. Defendants did not show that there was an absence of admissible evidence on the issue of causation to entitle it to Summary Judgment under Rule 56.

 12. Plaintiff presented sufficient admissible evidence from which the jury could infer causation of the accident and causation of death.

13. Summary judgment was inappropriate.

                                                                   Respectfully submitted,

                                                                   /s/ Henry L. Penick
                                                                   Henry L. Penick
                                                                   Attorney for Plaintiff

**OF COUNSEL**
H. L. Penick & Associates, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL 35201-0967
Telephone: (205) 252-2538
Fax: (205) 251-0231

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served this the 19th day of October, 2006, by placing same in the United States Mail, first-class postage prepaid and properly addressed as follows:

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A
2000 Interstate Park Drive  - Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148

                                                                  /s/ Henry L.Penick