IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI ANN MORRIS, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | CIVIL ACTION NO.3:05cv962-T |
| } | |
| FLORIDA TRANSFORMER, EDWARD } | |
| NEAL THOMPSON, et al., } | |
| } | |
| Defendants. } | |

### DEFENDANTS' OPPOSITION (AND BRIEF SUPPORTING SAME) TO PLAINTIFF'S MOTION TO RECONSIDER

COME NOW the Defendants, Edward Neal Thompson ("Thompson") and Florida Transformer, Inc. ("FTI") (collectively referred to herein as "Defendants"), and herein submit their Opposition to Plaintiff's Motion to Reconsider (Doc. 78) ("Plaintiff's Motion"), and respectfully request that the Court deny Plaintiff's Motion for those reasons more particularly stated as follows:

1.  The Court granted on 10/5/06 the Defendants' motion for summary judgment, and that same date ordered that this judgment be entered as a final judgment pursuant to Rule 58 of the *Federal Rules of Civil Procedure*. In its 10/5/06 Opinion (Doc. 76) ("Opinion"), after a very thorough analysis of the background and proposed testimony of Ed Robinson ("Robinson"), Plaintiff's accident reconstruction expert, the Court concluded that "Robinson's expert testimony on the decedent's cause of death is inadmissible under Rule 702 and will not be considered by the Court," because Plaintiff failed to explain:

> "How [Robinson's] experience leads to the conclusion reached, why that experience is a sufficient basis for [his] opinion, and how [his] experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee notes, 2000 amendment (internal citations and quotations omitted). "The trial court's gatekeeping function requires more than simply taking the expert's word for it." Id. (Opinion, p. 19.)

Simply put, the Court concluded that the Defendants were entitled to summary judgment as to all claims because there was no admissible evidence to show that the second collision, involving Thompson's truck, caused the death of Vernell Morris ("Morris"), Plaintiff's decedent. (Opinion, p. 20.)

2.  Although plaintiff does not state that Plaintiff's Motion is filed pursuant to Rule 59(e), *Federal Rules of Civil Procedure*, it is apparent that this is the case. In the 11th Circuit:

> Rule 59(e) relief is not warranted where a party simply reiterates arguments previously considered and rejected in the underlying ruling. *See e.g. Mincey v. Head*, 206 F. 3d 1106, 1137 n. 69 (11th Cir. 2000) (explaining that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters."); *In re Worlds of Wonder Securities Litigation*, 814 F. Supp. 850, 874 (N.D. Cal. 1993) (Rule 59(e) motion "is not the proper vehicle for revisiting issues that were decided" or for "recapitulation of the cases and arguments considered by the court before rendering its original decision"). *Aird v. United States*, 339 F. Supp. 2d 1305, 1312 (So. Dist. Ala. 2004).

See also, *Phillips v. American Honda Motor Co., Inc.*, 2006 W.L. 1889564 (S.D. Ala.) ((decision on Rule 59(e) motion to alter or amend a summary judgment is "committed to the sound discretion of the district judge" and denial is warranted after an engineering expert's testimony was excluded as "unreliable," *Phillips v. American Honda Motor Co., Inc.*, 438 F. Supp. 2d 1328, 1336 (S.D. Ala. 2006), and the Rule 59(e) motion seeks to "relitigate settled issues."))

3.  Plaintiff's Motion asks the Court to reconsider the summary judgment it granted the Defendants, because the Court's "decision is contrary to law and facts," "[i]t was error for the Court to exclude the testimony of Edward L. Robinson on the issue of causation," and because "[t]he Court overreached in its role as 'gatekeeper' under *Daubert*." (Plaintiff's Motion, ¶¶ 1, 3, and 4.)

Plaintiff then restates some of the same arguments she made in response to Defendants' motion for summary judgment and motion to strike Robinson's testimony as to cause of death. Plaintiff reargues that Robinson's doctorate in physics and certification as an accident reconstructionist somehow qualify him as a medical causation expert, even though Robinson, himself, clearly testified that he is not a cause of death expert (Robinson depo., p. 17), that he is not a medical doctor and has had no formal medical training, that he is not a biomechanic expert, and that he has no opinion to a reasonable degree of medical/biomechanical engineering certainty as to what caused the decedent's death in this case. (Robinson depo, pp. 17-20 ; 85-88). She also reargues that Robinson used reliable principles and methods that were not challenged by the Defendants, such that the Court abused its discretion in this case. These same arguments were made in Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Evidence, (pp. 2-5) (Doc. 59), and/or in Plaintiff's Response to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Opposition to Amended Motion, (p. 10) (Doc. 62).

For this reason alone, Plaintiff's Motion is due to be denied. *Aird*, at 1312.

4. The Court has already carefully and thoroughly considered all of these previously raised arguments and has explained with clarity in its Opinion why each of these arguments is without merit based on the law governing the admissibility of expert testimony as stated in Rule 702, *Federal Rules of Evidence* (as amended effective December 1, 2000); *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993); *Allison v. McGhan Medical Corporation*, 184 F. 3d 1300, 1312 (11th Cir. 1999); *Rudd v. General Motors Corporation*, 127 F. Supp. 2d 1330, 1336 (M.D. Ala. 2001) (Thompson, Judge); *Montgomery v. Noga*, 168 F. 3d 1282 (11th Cir. 1999); *Kyser v. Harrison*, 908 So. 2d 914, 919-920 (Ala. 2005) and *Fitzpatrick v. City of Atlanta*, 2 F. 3d 1112, 1115-16 (11th Cir. 1993). These authorities make it clear that the Court's gatekeeping function is to disallow expert testimony "when it lacks a reliable foundation" *Daubert*, at 589, and when the proponent of the expert testimony has failed to establish: (1) that the expert is qualified in the area at issue; (2) that the proposed testimony is based upon sufficient facts and data; (3) that the testimony is a product of reliable principles and methods; and (4) that the witness has applied those principles and methods reliably to the facts. *Allison*, at 1312; and Rule 702 *Federal Rules of Evidence*, and *Kyser*, 919-920.

5. All that Plaintiff and Robinson have presented in this case is testimony that Robinson has a doctorate in physics, he is an accident reconstructionist, and he has seen other rollover accidents which did not cause fatalities. On this basis, Robinson has opined that Morris' serious injuries were likely caused by the collision from Thompson's truck. This falls far short of establishing: (1) that Robinson has any expertise in determining cause of death generally, much less cause of death in a case

such as this where there were two significant accidents; (2) that he used any methodology, much less an acceptable methodology, for reaching his purported opinion as to the cause of Morris' serious injuries; or (3) that he had sufficient evidence to support a cause of death opinion, had he in fact given such an opinion.

As the Court noted, Robinson admitted that he was not a cause of death expert, and that he had no medical/biomechanical opinion to a degree of reasonable certainty as to what caused Morris' death. (Opinion, p. 14-15.) But even without this admission, it is clear that Robinson is not qualified to give an expert opinion on cause of death, he has no facts or evidence to support any opinion as to cause of death, and he has failed to explain what methodology, if any, he used in this multiple-accident scenario, to determine that Morris in fact survived the rollover accident. (Opinion, pp. 16-18.) Therefore, plaintiff utterly failed to satisfy the requirements of Rule 702.

6. For all of the above reasons, Plaintiff's Motion is due to be denied.

WHEREFORE, the Defendants respectfully request that the Court enter an Order denying Plaintiff's Motion to Reconsider.

Respectfully submitted,

/s/ Richard E. Broughton
Richard E. Broughton

/s/ W. Evans Brittain
W. Evans Brittain

Attorneys for Edward Neal Thompson
and Florida Transformer

5

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

     I hereby certify that on this October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry Lee Penickhlpenick@bham.rr.com
hlpenick@penickandassoc.com

                            Manual Notice List

Edward A. Robinson, III
600 North Foster Street
P O Box 3131
Baton Rouge, LA 70821

                                     /s/ Richard E. Broughton
                                     OF COUNSEL